### STATE v. LILLIE MAE FRIZZELLE.

(Filed 2 November, 1955.)

**1. Homicide § 11—**

The right of a person to stand his ground and fight in his self-defense, regardless of the character of the assault made upon him, when such person is on his own premises, applies not only when he is in his home, or place of business, but also when he is within the curtilage of his home, and where there is evidence that defendant was standing on the edge of her yard by the roadside when the assault was made upon her, it is for the jury to determine whether the assault occurred while defendant was on her own premises.

**2. Same: Homicide § 27f—**

Where there is evidence that defendant was on her own premises when she was assaulted, it is error for the court, in charging the jury on the plea of self-defense, to fail to instruct the jury in regard to defendant's right to stand her ground, if she was on her own premises, regardless of whether the assault upon her was felonious or nonfelonious.

APPEAL by defendant from *Frizzelle, J.,* August Term, 1955, of LENOIR.

Criminal prosecution tried upon an indictment charging the defendant with the murder of one Henry Frizzelle, Jr. The solicitor announced that the State would not ask for a verdict of murder in the first degree but would ask for a verdict of murder in the second degree, or manslaughter, as the evidence might warrant.

The evidence in this case tends to show that the defendant and the deceased were married on 16 December, 1948, and that two children were born of the marriage; that the deceased obtained a divorce from the defendant in October, 1954, but continued to live with her from time to time. That the defendant was upset over the fact that the deceased had not been to see her the week of the homicide; that she had stated to one of the State's witnesses she knew the reason he had not been to see her was because he had been associating with another woman. That the defendant on the day of the alleged homicide was three months pregnant as a result of her cohabitation with the deceased. That on the night of 29 June, 1955, the deceased came to the home of the defendant and called her out to his car which he had parked in the edge of her yard, about 30 feet from her front door. As she approached him, he was sitting in the car, on the side next to her home, and had the

left door open. "He told her that he had been there earlier, that same night, but she had company and he had left. She . . . stated to him that she had not had company; that they had some words and she started to leave him. He grabbed her and held her, and while holding her began to beat her on the head with his fist and kicked her in the stomach; that she tried to get loose from him and could not do so; after he kicked her he turned her loose and started hitting her on the head with his fist and she got her knife out of her pocket and struck at him with it in order to get him off of her; that she did not know what part of his body she hit until after she saw him in the path and discovered that he was dead; . . ." The deceased ran a distance of about 30 yards toward a neighbor's house before he died.

The jury returned a verdict of guilty of manslaughter, and from the judgment imposed on the verdict the defendant appeals, assigning error.

*Attorney-General Rodman and Assistant Attorney-General McGalliard for the State.*

*Jones, Reed & Griffin for defendant.*

DENNY, J. The defendant excepts to and assigns as error the following excerpt from the charge: "Now, gentlemen, not only have our courts held that ordinarily one is not required to repel a simple assault with a deadly weapon but it has also held that where one is without fault and an attempted assault is being made upon one, such one ought to retreat if there is an opportunity to retreat with safety but where the assault is felonious, that is, where it is done with the intent to kill or at least to inflict serious bodily injuries, and the person assaulted is without fault, the person that is assaulted is not required to retreat."

The above instruction was proper, if at the time the defendant was assaulted she was not on her own premises. *S. v. Bryant,* 213 N.C. 752, 197 S.E. 530; *S. v. Johnson,* 184 N.C. 637, 113 S.E. 617; *S. v. Dixon,* 75 N.C. 275. But, in light of the evidence tending to show that the defendant was on her own premises when the deceased assaulted her, she assigns as error the failure of the court to explain the law arising on such evidence with respect to her right to stand her ground and defend herself, on her own premises, regardless of the character of the assault. We think this exception is well taken and must be sustained.

The State contends, however, there is no evidence tending to show that the nonfelonious assault made by the deceased on the defendant occurred on her premises. We do not concur in this view. We think the evidence in this respect was sufficient to require its submission to the jury for its determination as to whether the assault occurred on the defendant's premises. The State further contends that, if it should be

conceded that the defendant was on her premises when the nonfelonious assault occurred, the law in this jurisdiction does not give a person the right, in the case of a nonfelonious assault, to stand his ground and return blow for blow "when such person is standing on the edge of his yard by the roadside."

It is true that in most of our cases involving the right of self-defense, where the defendant had been assaulted on his own premises, such assault occurred in the home or place of business of the defendant. However, one's own premises, in this connection, will not be limited to his dwelling house only, but in any event will extend to attacks within the curtilage of the home. And the curtilage of the home will ordinarily be construed to include at least the yard around the dwelling house as well as the area occupied by barns, cribs, and other outbuildings. *S. v. Walker*, 236 N.C. 742, 73 S.E. 2d 868; *S. v. Miller*, 223 N.C. 184, 25 S.E. 2d 623; *S. v. Roddey*, 219 N.C. 532, 14 S.E. 2d 526; *Beard v. United States*, 158 U.S. 550, 39 L. Ed. 1086, 15 S. Ct. 962; 26 Am. Jur., Homicide, section 156, page 264.

In *S. v. Walker, supra, Winborne, J.,* speaking for the Court, said: "Ordinarily, when a person, who is free from fault in bringing on a difficulty, is attacked in his own dwelling, or home, or place of business, or on his own premises, the law imposes upon him no duty to retreat before he can justify his fighting in self-defense,—regardless of the character of the assault," citing numerous authorities.

In the present case, if the jury should find that the defendant was assaulted on her own premises, the doctrine of retreat would have no application to her and it would be immaterial whether the assault on her was felonious or nonfelonious. *S. v. Walker, supra.*

We think the defendant is entitled to a new trial and it is so ordered.

New trial.