STATE OF NORTH CAROLINA v. WALTER LEE JONES

No. 65

(Filed 28 November 1978)

1. Arson § 4.1— burning of apartment—sufficiency of evidence of arson

Evidence was sufficient to be submitted to the jury in a prosecution for arson where it tended to show that defendant and another person lived in an apartment building which contained four occupied apartments; defendant and his apartment mate quarrelled; defendant then poured kerosene on the floor and threw lighted matches at it; the kerosene ignited and the flames consumed the apartment; and when an officer arrived at the scene of the fire, he noted the odor of kerosene about defendant.

2. Constitutional Law § 30; Criminal Law § 131— failure of prosecutor to give defendant access to lab report—grounds for new trial

In a prosecution for arson, failure by the prosecutor to give defendant access to a laboratory report showing no presence of kerosene or other flammable accelerants on defendant's outer clothing was grounds for a new trial.

3. Constitutional Law § 30— request for voluntary discovery—compliance promised by prosecutor—due diligence of defendant

A defendant in a criminal case seeking discovery of a laboratory report has exercised due diligence within the meaning of G.S. 15A-1415(6) despite not making a motion to the court to compel discovery when he has made a request for voluntary discovery to which the prosecutor has agreed to comply and there is nothing that would put him on notice that the prosecutor has in fact failed to comply.

Justice BRITT took no part in the consideration or decision of this case.

BEFORE *Stevens, J.,* at the 26 April 1978 Session of WILSON Superior Court and on a bill of indictment proper in form, defendant was tried and convicted of arson. He was sentenced to life imprisonment. From this conviction and sentence, he appeals pursuant to G.S. 7A-27(a). While his appeal was pending in this Court, defendant, pursuant to G.S. 15A-1418(a),[1] filed a motion for appropriate relief.

1. "§ 15A-1418. *Motion for appropriate relief in the appellate division.*—(a) When a case is in the appellate division for review, a motion for appropriate relief based upon grounds set out in G.S. 15A-1415 must be made in the appellate division. For the purpose of this section a case is in the appellate division when the jurisdiction of the trial court has been divested as provided in G.S. 15A-1448, or when a petition for a writ of certiorari has been granted. When a petition for a writ of certiorari has been filed but not granted, a copy or written statement of any motion made in the trial court, and of any disposition of the motion, must be filed in the appellate division."

*Rufus L. Edmisten, Attorney General, by Richard L. Griffin, Assistant Attorney General, for the State.*

*E. J. Kromis, Jr., Attorney for defendant.*

EXUM, Justice.

This case presents two questions for review. The first is whether defendant's motion for nonsuit at the close of all the evidence was properly denied. We conclude that it was. The second, raised by defendant's motion under G.S. 15A-1418(a), is whether defendant is entitled to relief because of the prosecutor's failure to provide him an SBI laboratory report containing potentially exculpatory material. We conclude that he is and, pursuant to G.S. 15A-1417(a)(1),[2] we order that he be granted a new trial.

[1] The state's evidence consisted of the testimony of two witnesses, Wallace Eatmon and Officer James O. Braswell of the Wilson Police Department. Eatmon testified that for approximately four years, until 4 March 1978, he had resided at Apartment C, 717 Black Creek Road, Wilson, North Carolina. He also testified that defendant had lived with him at this apartment; however, the lease was in Eatmon's name and he paid the rent. On the evening of 3 March 1978, Eatmon and defendant had had an argument over a debt defendant owed Eatmon. The argument had continued on and off through the evening. At about 2:30 a.m. on the morning of 4 March 1978, defendant, apparently angered by the argument, dashed a jug of kerosene on the floor and began throwing lighted matches at it. The kerosene ignited; and, despite Eatmon's attempt to smother it, the flame spread and consumed the apartment.

Braswell testified that he observed the fire while on patrol, radioed an alarm and went to investigate. At the scene, he questioned Eatmon, who related substantially the same story he told at trial. He next questioned defendant and "noted the odor of kerosene." He placed defendant under arrest, charging him with the crime of arson.

Defendant testified that he and Eatmon were homosexual lovers. He also testified to a series of arguments between them

2. "§ 15A-1417. *Relief available.* — (a) The following relief is available when the court grants a motion for appropriate relief:

(1) New trial on all or any of the charges."

State v. Jones

on 3 March 1978, giving a somewhat different version of the events than Eatmon's. He stated that Eatmon became very angry at one point and threatened to "do something to have him [defendant] sent back to prison." Sometime on the morning of 4 March 1978, after they had returned to their apartment, Eatmon became ill and asked defendant to go to a local restaurant to get a cup of coffee. Defendant did so. When he returned ten to fifteen minutes later the apartment was on fire. After assuring himself that Eatmon was not in the apartment, he rushed to the other three apartments in the building to warn the occupants.

Defendant assigns as error the denial of his motions for nonsuit at the close of the state's evidence and at the close of all the evidence. "By introducing testimony at the trial, defendant waived his right to except on appeal to the denial of his motion for nonsuit at the close of the state's evidence. His later exception to the denial of his motion for nonsuit made at the close of *all* the evidence, however, draws into question the sufficiency of all the evidence to go to the jury." *State v. McWilliams*, 277 N.C. 680, 687, 178 S.E. 2d 476, 480 (1971). This procedure is mandated by G.S. 15-173.

Upon consideration of all the evidence there can be no doubt that the case was sufficient to go to the jury. Defendant argues on this point that he cannot be convicted of common law arson because the evidence conclusively shows that he was an occupant of the apartment that was burned. Without commenting on the merits of his argument either in general or upon these particular facts, we point to defendant's testimony indicating that there were three other occupied apartments in the building where he and Eatmon resided. "[I]f a dweller in an apartment house burns the building he is guilty of arson and the building may properly be described as the dwelling of one of the other tenants. . . . [T]he tenant who sets fire to his own rooms . . . may be convicted of arson for burning the 'dwelling' of one of the other tenants even if the fire was actually confined to the rooms occupied by the wrongdoer." Perkins on Criminal Law, at 227 (2d ed. 1969), *citing Levy v. People*, 80 N.Y. 327 (1880). As defendant correctly points out in his brief, the main purpose of common law arson is to protect against danger to those persons who might be in the dwelling house which is burned. Where there are several apartments in a single building, this purpose can be served only by subjecting to

punishment for arson any person who sets fire to any part of the building. Defendant's assignment of error is overruled.

[2]   The next question presented arises from defendant's motion for appropriate relief filed 2 October 1978 on the ground set out in G.S. 15A-1415(6) as follows:

> "Evidence is available which was unknown or unavailable to the defendant at the time of trial, which could not with due diligence have been discovered or made available at that time, and which has a direct and material bearing upon the guilt or innocence of the defendant."

We are given authority to hear this motion by G.S. 15A-1418(a).[3] The procedure on such a motion is set forth in G.S. 15A-1418(b):

> "When a motion for appropriate relief is made in the appellate division, the appellate court must decide whether the motion may be determined on the basis of the materials before it, or whether it is necessary to remand the case to the trial division for taking evidence or conducting other proceedings. If the appellate court does not remand the case for proceedings on the motion, it may determine the motion in conjunction with the appeal and enter its ruling on the motion with its determination of the case."

Having examined the motion and the supporting affidavits, briefs and other documents filed by defendant and by the state, we determined: (1) the facts were sufficiently developed in these documents to enable us to rule on the legal question presented; (2) there was no controversy between the state and defendant as to any of the essential facts; and (3) it was not necessary to remand the case to the trial division for further proceedings. We therefore on 4 October 1978 ordered that the motion be heard in conjunction with defendant's appeal. Both parties addressed the motion in their briefs and oral argument. We now proceed to a decision on the merits of the motion.

The motion and supporting documents show without contradiction the following: At the time of defendant's arrest, his outer clothing was seized. It was sent to the SBI laboratory in Raleigh for analysis. This analysis showed no evidence of the

---

3. *See* note 1 *supra*.

presence of kerosene or other flammable accelerants in the clothing. The report of this analysis was mailed from the SBI laboratory on 12 April 1978 and was in the possession of the prosecutor at the time of trial on 26 April 1978. On 5 April 1978 defendant filed a request for voluntary discovery with the prosecutor which included a request for "all results, or reports of test(s) . . . which are . . . or . . . may become known to the State as provided by G.S. 15A-903(e)." On 14 April 1978 the prosecutor indicated he would comply, noting that "[l]aboratory reports will be forwarded when available to this office." On 21 April 1978 defendant acknowledged the prosecutor's compliance with his request and again asked for the laboratory reports. The report, although in the prosecutor's possession, was neither made available prior to trial nor introduced at trial. According to the prosecutor, he "saw the report in the file but did not recall that it had not already been forwarded to the defendant's attorney." The report was discovered by defendant around 14 July 1978. In connection with defendant's request to have his personal effects returned, Wilson police officers examined the contents of a locker containing defendant's outer clothing (which apparently had been returned by the SBI) and found the report attached. They subsequently gave a copy of it to defendant.

In order to grant defendant's motion, we must find that: (1) the report was unavailable to him at the time of trial; (2) it could not have been made available upon the exercise of due diligence; and (3) it has a direct and material bearing on his guilt or innocence. G.S. 15A-1415(6). On the first point there is no difficulty. It is clear that the prosecutor failed to make the report available to defendant even though it was in his files at the time of the trial.

[3] On the second point the state urges that defendant failed to exercise due diligence because he did not make a motion to the court to compel discovery. See G.S. 15A-902(a) and G.S. 15A-910(1). We do not agree. Defendant had filed a request for voluntary discovery. The prosecutor had agreed to comply and had, in part, complied. He was under a continuing duty to disclose relevant, discoverable information as he received it. G.S. 15A-907. The

report was both relevant and discoverable. G.S. 15A-903(e).[4] Apparently through oversight the prosecutor failed to make it available when it came into his possession. There was nothing to put defendant on notice that the prosecutor had refused or failed to comply with his request for discovery. Defendant was not therefore lacking in due diligence because he did not make a motion to compel discovery. Such a motion may be made only after the party from whom discovery is sought has responded either negatively, or unsatisfactorily, or has failed to respond at all for seven days to a request for voluntary discovery. G.S. 15A-902(a). None of these conditions precedent to filing a motion to compel discovery existed here. The state had responded, and on the face of it satisfactorily, to defendant's request for voluntary discovery.

Finally, the laboratory report has a direct and material bearing on defendant's guilt or innocence. Both Eatmon's and defendant's versions of the events of 4 March 1978 are, on their face, believable. The credibility of Eatmon's testimony is, however, greatly bolstered by the testimony of Braswell that he smelled kerosene on defendant. The report could tend to show that Braswell might have been mistaken. It could therefore, depending on how the jury regarded it, undercut the credibility of the only evidence upon which defendant was convicted. The report was clearly, on these facts, a factor which defendant was entitled to have the jury consider.

For the reasons stated above and pursuant to G.S. 15A-1417(a)(1), we order that defendant be granted a

New trial.

Justice BRITT took no part in the consideration or decision of this case.

---

4. G.S. 15A-903 designates various matters subject to discovery. Subsection (e) provides:

"(e) Reports of Examinations and Tests.—Upon motion of a defendant, the court must order the prosecutor to provide a copy of or to permit the defendant to inspect and copy or photograph results or reports of physical or mental examinations or of tests, measurements or experiments made in connection with the case, or copies thereof, within the possession, custody, or control of the State, the existence of which is known or by the exercise of due diligence may become known to the prosecutor. In addition, upon motion of a defendant, the court must order the prosecutor to permit the defendant to inspect, examine, and test, subject to appropriate safeguards, any physicial evidence, or a sample of it, available to the prosecutor if the State intends to offer the evidence, or tests or experiments made in connection with the evidence, as an exhibit or evidence in the case."