STATE OF NORTH CAROLINA v. LESLIE JAMES BROCK

No. 795SC907

(Filed 1 April 1980)

**Criminal Law § 153— appeal to Court of Appeals—motion for appropriate relief— newly discovered evidence—no jurisdiction in trial court**

> Where an incest case had been appealed from the superior court to the Court of Appeals, the superior court had no authority to consider defendant's motion under G.S. 15A-1415(b)(6) for appropriate relief on the ground of newly discovered evidence, but such motion should have been made in the appellate division. G.S. 15A-1418(a).

APPEAL by the State of North Carolina from *Reid, Judge.* Order entered 9 May 1979 in Superior Court, PENDER County. Heard in the Court of Appeals on 26 February 1980.

Defendant was convicted of incest. From a judgment dated 21 November 1978, imposing a prison sentence of 12 to 15 years, he filed notice of appeal to this Court on 30 November 1978. By order dated 30 November 1978 the Judge of the Superior Court gave the defendant 60 days within which to prepare and serve his record on appeal, and the State was given 30 days to serve exceptions or its countercase.

On 3 April 1979 the defendant filed in the Superior Court a Motion for Appropriate Relief pursuant to "Article 89, Section 15A-1411 et seq." of the General Statutes. On 9 May 1979, after a hearing, Judge Reid allowed defendant's motion and ordered a new trial. The State appealed pursuant to G.S. § 15A-1445(a)(2).

*Attorney General Edmisten, by Associate Attorney Richard L. Kucharski, for the State.*

*Vance B. Gavin for the defendant appellee.*

HEDRICK, Judge.

The State argues that, under the circumstances of this case, the Superior Court lacked authority to consider and allow defendant's Motion for Appropriate Relief and order a new trial. We agree.

G.S. § 15A-1415(a) provides that "[a]t any time after verdict, the defendant by motion may seek appropriate relief upon any of the grounds enumerated in this section." G.S. § 15A-1415(b) provides that:

> The following are the only grounds which the defendant may assert by a motion for appropriate relief made more than 10 days after entry of judgment:
>
> . . .
>
> (6) Evidence is available which was unknown or unavailable to the defendant at the time of the trial, which could not with due diligence have been discovered or made available at that time, and which has a direct and material bearing upon the guilt or innocence of the defendant.

It is clear that defendant's Motion for Appropriate Relief is brought pursuant to G.S. § 15A-1415 and, specifically, subsection (b)(6) thereof. This statute is silent as to which court has jurisdiction to hear the motion.

However, the power of a court to act on a motion brought pursuant to G.S. § 15A-1415 in a case that has been appealed to the appellate division is specifically set forth in G.S. § 15A-1418(a) which provides:

> When a case is in the appellate division for review, a motion for appropriate relief based upon grounds set out in G.S. 15A-1415 must be made in the appellate division. For the purpose of this section a case is in the appellate division when the jurisdiction of the trial court has been divested as provided in G.S. 15A-1448, . . .

*See State v. Jones*, 296 N.C. 75, 248 S.E. 2d 858 (1978). Since the case had been appealed from the Superior Court to the Court of Appeals, it is clear, therefore, that Superior Court Judge Reid had no authority to consider defendant's Motion for Appropriate Relief and order a new trial.

Order vacated and cause remanded.

Judges WEBB and WELLS concur.