STATE OF NORTH CAROLINA v. SHERRILL WYATT

No. 8028SC231

(Filed 16 September 1980)

1. **Arson § 2— apartment building – one dwelling house – sufficiency of indictment**
    An indictment was sufficient to charge defendant with common law arson of an apartment where it alleged that apartment 9F was burned and apartment 9E was occupied by a named person, since Building 9 of the apartments, comprised of apartments A through F, constituted one dwelling house such that the requirement of a burning could be satisfied by the charring in 9F while the requirement of occupancy could be satisfied by the tenant's presence in 9E.

2. **Arson § 5– burning of apartment – one dwelling unit – who occupied which apartment – instructions not prejudicial**

In a prosecution of defendant for burning an apartment, it was immaterial which person occupied which apartment in view of the Court's ruling that Building 9 of the apartments, with all its individual apartments, constituted a single dwelling house, and defendant therefore was not prejudiced by the trial court's instructions which placed people in the wrong apartment.

APPEAL by defendant from *Burroughs, Judge.* Judgment entered 24 August 1979 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals in Waynesville on 26 August 1980.

Defendant was charged with arson. He was convicted as charged and appeals from the judgment imposing a prison term of not less than fifteen nor more than fifty years.

The State's evidence tends to show the following: On the evening of 11 March 1979, a fire occurred in Building 9, Pisgah View Apartments in Asheville. The fire was confined to Apartment 9F. There was extensive incidental damage to Apartment 9E which was occupied by Brenda Dockery (or Brockley). Harold Ray, a codefendant, testified that defendant Wyatt set two fires in Apartment 9F. He also testified that no one lived in 9F on the night of the fire. Defendant's stepmother, Vina Mae Wyatt, testified that she moved out of Apartment 9F about a week before the fire; that there were bad feelings between her and the defendant, such that the defendant had threatened to destroy her apartment; and that she now lives in 21A Pisgah View Apartments. Two residents of the Apartments testified that on the night of the fire they saw defendant running out of Apartment 9F, and soon thereafter they observed the fire.

Defendant alleged that his codefendant Ray set the fires. He also introduced evidence of his work as a buyer for the Interagency Narcotics Squad. Other facts will be stated in the opinion.

*Attorney General Edmisten by Associate Attorney General Fred R. Gamin for the State.*

*Gray, Kimel & Connolly by David G. Gray for defendant appellant.*

CLARK, Judge.

**[1]** Defendant's primary assignment of error is that he was not arraigned and tried on a proper bill of indictment. That indictment charges as follows:

> [T]hat on or about the 11th day of March, 1979, in Buncombe County Sherrill Wyatt, aka Sherrill David Wheeler unlawfully and wilfully did feloniously and maliciously burn the dwelling house inhabited by Vina Mae Wyatt and located at 9F Pisgah View Apartments, Asheville, North Carolina. At the time of the burning Brenda Dockery was in the adjoining apartment located at 9E Pisgah View Apartments in violation of the following law: G.S. 14-58.

Defendant suggests that the indictment is fatally defective in that it fails to describe a dwelling house, so inhabited, which would charge the defendant with common law arson.

The purpose of the indictment is to inform the defendant of the charge against him with sufficient certainty to enable him to prepare his defense. *State v. Gates,* 107 N.C. 832, 12 S.E. 319 (1890). To this end, a valid indictment must allege all the essential elements of the offense charged. *State v. Greer,* 238 N.C. 325, 77 S.E. 2d 917 (1953). Necessary elements of common law arson include that the place burned be "the dwelling house of another" and that the house be occupied at the time of the burning. *State v. Long,* 243 N.C. 393, 90 S.E. 2d 739 (1956). Although we see no problem with the occupancy requirement since Brenda Dockery was alleged to have been "in" 9E at the time of the burning, we believe the requirement of a "dwelling house of another" deserves some discussion.

The defendant argues on the authority of 6A C.J.S., Arson § 32 (1979) and one very old case, *State v. Sandy,* 25 N.C. (3 Ired.) 570 (1843), that each separate apartment within Building 9 constitutes a separate and distinct dwelling house. He notes that since Mrs. Wyatt no longer dwelt in 9F there could be no common law arson of that apartment; and that since Brenda Dockery's apartment was apparently not actually charred, there can be no common law arson of that apartment. The

State's contention is that Building 9 of Pisgah View Apartments (comprised of Apartments A, B, C, D, E & F) constituted one dwelling house such that the requirements of a burning could be satisfied by the charring in 9F while the requirement of occupancy could be satisfied by Dockery's presence in 9E. The State relies upon the recent case of *State v. Jones,* 296 N.C. 75, 248 S.E. 2d 858 (1978). We agree with the State that the rationale of *State v. Jones, supra,* is controlling in this case. We note that C.J.S. is no more than persuasive authority and that other persuasive authority opposes the view expressed therein. *See, e.g.,* R. Perkins, Criminal Law 183 (1957). *State v. Sandy, supra,* is not controlling because it dealt with the statutory offense of burning a storehouse. As noted by our Supreme Court, per Exum, Justice, "[T]he main purpose of common law arson is to protect against danger to those persons who might be in the dwelling house which is burned. Where there are several apartments in a single building, this purpose can be served only by subjecting to punishment for arson any person who sets fire to any part of the building." *Jones, supra,* at 77-78, 248 S.E. 2d at 860. We note that unlike *State v. Sandy, supra,* the *Jones* case dealt directly with common law arson. We hold, therefore, that reference in the indictment to Apartments 9F and 9E was sufficient to put the defendant on notice that he was charged with a burning at Building 9 of Pisgah View Apartments and that the recitation of one of the true occupants of the building, Dockery, together with the designation of "dwelling house" in the indictment was sufficient to put the defendant on notice of that element of the crime charged. We note further that the traditional recitation of whose dwelling house was burned is intended simply to put the defendant on notice of the place he is charged with burning so that he can defend his case. We hold that the indictment here sufficiently alleges all of the essential elements of the crime charged.

[2] Defendant also assigns as error that portion of the judge's charge which states:

"So I charge you if you find from the evidence beyond a reasonable doubt that on or about March 11, 1979, the Defendant, Sherrill Wyatt, maliciously burned Apartment 9F, Pisgah View Apartments, which was inhabited by Miss Vina Mae Wyatt, or Mr. Wethers or Mrs. Parson [sic], by

setting the living room and bedroom closets on fire it would be your duty to return a verdict of guilty of arson."

We agree with the defendant that there was no evidence to support a finding that either Mr. Wethers or Mrs. Parton were in Apartment 9F. However, the judge followed that instruction with instructions as follows:

"I further charge if you find from the evidence beyond a reasonable doubt that on or about March 11, 1979, Sherrill Wyatt maliciously burned an apartment in building 9 of the Pisgah View Apartments, which was inhabited by either Mrs. Vina Mae Wyatt or Mr. Wethers or Mrs. Parton, by setting fire to the living room and bedroom closets of Apartment 9F it would be your duty to return a verdict of guilty of arson."

This instruction, combined with his painstaking and accurate review of the evidence would make clear to the jury that Wethers and Parton were not in 9F but 9E and 9A respectively. The evidence reveals that at the time of the fire Wethers was occupying Apartment 9E with Brenda Dockery (Brockley), who in the indictment was allegedly "in the adjoining apartment." In view of our ruling that Building 9 of Pisgah View Apartments constituted a single dwelling house, it is immaterial which person occupied which apartment. And for the same reason there was no material variance between the indictment and the proof. It was material and essential that the State both allege and prove that the defendant did maliciously burn an inhabited dwelling house. The State did both. We find no prejudicial error.

No error.

Chief Judge MORRIS and MARTIN (Harry C.) concur.