State v. Riley

―――――――

STATE OF NORTH CAROLINA v. BRODIE THOMAS RILEY

No. 8114SC831

(Filed 16 March 1982)

**Assault and Battery § 15.5— no duty to retreat from alleged attack—instruction required**

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury, the trial court erred in failing to instruct that defendant, being in his own home, had no duty to retreat from an alleged attack by his estranged wife as there was ample evidence from which the jury might have determined that defendant acted in self-defense.

APPEAL by defendant from *Winberry, Judge.* Judgment entered 18 March 1981, in Superior Court, DURHAM County. Heard in the Court of Appeals 13 January 1982.

Defendant was charged in an indictment, proper in form, with assault with a deadly weapon with intent to kill inflicting serious injury. According to what the State's evidence tended to show at trial, defendant's estranged wife, the prosecuting witness (Mitchner), came to defendant's mobile home on the night of 8 March 1980, to pick up some of her personal belongings. When defendant met her at the door, he had a rifle in his hand and he told her he was going to kill her. Mitchner panicked, grabbed a cooking pot, and ran down the hall, seeking safety in the bathroom. In the bathroom, however, she found defendant's 17 year-old daughter by a previous marriage and a woman whom defendant was seeing. Defendant, having pursued her, pushed the rifle against her and shot. Mitchner suffered from a wound to the left breast requiring surgery; the pathway of the bullet went through her stomach and her duodenum, and injured the portal vein.

The defendant's evidence tended to show that, on the day in question, the defendant had been sick and had gone to bed, leaving his daughter to do housework. A woman, Geneva McKinney, visited defendant and was there when Mitchner called to say she was coming over. When she got there, Mitchner, a rather large woman, broke open the locked front door and demanded to know "Where is the whore at?" She grabbed the kitchen pot, strewing brunswick stew over the floor, the draperies, and the sofa, and she rushed down the hall after Ms. McKinney. After she hit Ms. McKinney over the head several times, defendant, who had obtained his gun, warned Mitchner to leave. When Mitchner seemed not to hear and as she advanced toward defendant with pot upraised, defendant shot her. Thereafter . he let the wounded woman call for medical help, and he told her also to call the sheriff. An investigator with the Durham County Sheriff's Department testified for the defense and verified that the night latch (a chain lock) on the interior wooden door to the trailer had been broken, appearing to have been forced. He was allowed to corroborate parts of the testimony of defendant, Ms. McKinney, and defendant's daughter by relating what they had told him immediately after the incident and by his description of the premises.

The jury returned a verdict of guilty to assault with a deadly weapon inflicting serious injury. From judgment suspending a four to six year prison term, defendant appeals.

*Attorney General Edmisten, by Special Deputy Attorney General David S. Crump, for the State.*

*Maxwell, Freeman and Beason, P.A., by James B. Maxwell, for the defendant-appellant.*

ARNOLD, Judge.

Defendant excepted to the failure of the trial court to charge the jury that defendant, being in his own home, had no duty to retreat from the alleged attack by his estranged wife. We think this exception is well taken and must be sustained.

Contrary to the State's contention, there was ample evidence from which the jury might have determined that defendant acted in self-defense. Indeed the trial court instructed on the question of self-defense, but it failed to charge that defendant, in his own home, had no duty to retreat from the alleged attack by the prosecuting witness. This failure constituted error, *State v. Frizzelle,* 243 N.C. 49, 89 S.E. 2d 725 (1955), for which there must be a new trial.

Defendant's only other assignment of error relates to the trial court's shorthand instructions on defendant's right to defend against a nonfelonious assault. Since this alleged error is unlikely to recur at trial, we need not discuss it here.

New trial.

Judges CLARK and WHICHARD concur.