STATE OF NORTH CAROLINA v. ORAL EUBANKS

No. 8629SC543

(Filed 18 November 1986)

**Arson § 4.1— second degree arson—sufficiency of evidence**
   Evidence was sufficient to be submitted to the jury in a prosecution for second degree arson where it tended to show that the house belonged to a named person who lived there, but it was unoccupied at the time of the burning; the fire was the result of an incendiary act; and defendant told an occupant of the house that he should remove his personal belongings because the house was going to be set on fire, warned the occupant on the day of the fire, and reported how the burning had gone after the deed was done.

APPEAL by defendant from *Allen (C. Walter), Judge.* Judgment entered 15 November 1985 in Superior Court, HENDERSON County. Heard in the Court of Appeals 29 October 1986.

Defendant was charged in a proper bill of indictment with second degree arson, in violation of G.S. 14-58. He was found

guilty as charged. From a judgment imposing a prison sentence of twelve years, defendant appealed.

*Attorney General Lacy H. Thornburg, by Associate Attorney General James A. Wellons, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Robin E. Hudson, for defendant, appellant.*

HEDRICK, Chief Judge.

The only assignment of error defendant argues in his brief is that the evidence is insufficient to support the conviction for second degree arson. Arson is defined at the common law as the willful and malicious burning of the dwelling house of another person. Under G.S. 14-58, if the dwelling burned was unoccupied at the time of the burning, the offense is arson in the second degree.

For a burning to be "willful and malicious" in the law of arson, it must simply be done voluntarily and without excuse or justification and without any bona fide claim of right. An intent or animus against either the property itself or its owner is not required. *State v. White*, 291 N.C. 118, 229 S.E. 2d 152 (1976).

The "burning" element requires that some portion of the dwelling itself be burned. *State v. Oxendine*, 305 N.C. 126, 286 S.E. 2d 546 (1982). The house is a "dwelling house" if someone lives there. *State v. Vickers*, 306 N.C. 90, 291 S.E. 2d 599 (1982). It is the dwelling house "of another" if someone other than the defendant lives there. *State v. Shaw*, 305 N.C. 327, 289 S.E. 2d 325 (1982).

In the present case, evidence was presented tending to show the following: The house belonged to Cynthia Williams, who lived there. The house was burned. The fire was the result of an incendiary act, and not an accidental cause, according to the testimony of a State Bureau of Investigation arson investigator. Defendant had told Jim Smith, who also lived there, that he had to get his "clothes and stuff out" and "find a place to stay" because "it was going to be set afire." Defendant told Mr. Smith on the day of the fire, "we're going to do it tonight." Later that night, after the house had burned, Mr. Smith asked defendant, "How did it go?" referring to the fire. Defendant answered "K-WOOOSH." The

house was unoccupied at the time of the burning. We hold that the State introduced sufficient evidence of each element of second degree arson to support the conviction.

No error.

Judges MARTIN and COZORT concur.