STATE OF NORTH CAROLINA v. ESTIL HERMAN WARD

No. 8822SC585

(Filed 16 May 1989)

**1. Criminal Law § 85.2— witness afraid of defendant—admission as harmless error**

A defendant charged with murder and arson was not prejudiced by the erroneous admission of testimony by a witness that she was "afraid" of defendant at the time of trial where the witness testified without objection that defendant had threatened to kill her and sell her child if she reported the crimes.

**2. Arson § 4.2— second degree arson—trailer uninhabited—insufficient evidence for conviction**

Defendant could not be convicted of common law second degree arson under N.C.G.S. § 14-58 for burning a trailer because the trailer was uninhabited at the time it was burned where the male occupant had been murdered and left in a trash dumpster several days before the burning, and the female occupant had disconnected power to the trailer, vacated it and paid defendant $50 pursuant to a scheme with defendant to burn the trailer.

**3. Criminal Law § 102.6— prosecutor's jury argument—no plain error**

The trial court did not commit plain error in a murder and arson trial by failing to intervene during the prosecutor's closing argument when the prosecutor stated that "you have heard people who are involved in this killing, yet there is someone else that knows about this killing," asked whether the victim's family "likes not having that boy or thinking he is out in some garbage dump," stated that this case was "the sorriest doings I've ever seen in my life," and stated that certain prosecution witnesses were "truthful."

**4. Criminal Law § 138.38— murder—mitigating circumstance—strong provocation or extenuating relationship—insufficient evidence**

Evidence that a murder victim's wife told defendant the victim had been mistreating her did not require the trial court to find strong provocation or an extenuating relationship be-

tween defendant and the victim as a mitigating circumstance for defendant's second degree murder of the victim.

Judge PHILLIPS concurs in the result.

Judge COZORT concurring.

APPEAL by defendant from *Gudger (Lamar), Judge.* Judgment entered 11 January 1988 in Superior Court, ALEXANDER County. Heard in the Court of Appeals 10 January 1989.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Lucien Capone III and Summer Intern R. Dawn Gibbs, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Gordon Widenhouse, for defendant-appellant.*

GREENE, Judge.

Defendant appeals his convictions of second-degree murder and second-degree arson. The evidence at trial tended to show that Lori Mayse allegedly hired defendant and her half-brother to kill her husband, Robert Mayse. After various failed attempts, the defendant and the half-brother succeeded in beating and choking Robert Mayse to death. A short time thereafter, defendant wrapped the victim's body in a blanket and disposed of it in a trash dumpster. Defendant then left the State for several days. When he returned, Ms. Mayse gave defendant fifty dollars to burn the trailer where she and the victim had resided. Ms. Mayse did not live in the trailer after defendant left the state. The evidence further showed that Ms. Mayse had disconnected the electrical power to the trailer before the trailer was burned. Kim Beuckles, the half-brother's girlfriend, testified that defendant threatened to harm her and her child if she reported the crime and stated she was still afraid of defendant at the time of trial.

After the jury convicted defendant of second-degree murder and second-degree arson, the trial court found that aggravating factors outweighed any mitigating factors and sentenced defendant to life imprisonment on the murder charge. The court imposed the presumptive twelve-year sentence for second-degree arson. Defendant appeals both convictions.

These facts present the following issues: I) where a prosecution witness had already testified defendant threatened to kill her and sell her child if she testified against him, whether defendant was prejudiced by the trial court's admission of the witness's subsequent statement that she was "afraid" of defendant; II) where one inhabitant of a trailer was dead and the other had vacated the trailer and paid defendant $50 as part of a plan with defendant to burn the trailer, whether the trial court erroneously failed to dismiss the charge of arson under Section 14-58; III) whether the trial court committed plain error in failing to intervene *ex mero motu* to exclude certain remarks by the prosecutor during his closing argument; and IV) whether the trial court erroneously failed to find an "extenuating relationship" between defendant and his murder victim mitigated the offense of second-degree murder.

I

[1]　During the prosecution's case, the following exchange occurred between a witness and the prosecutor:

Q. You say [defendant's alleged accomplice] spoke up and told you that they killed Robert?

A. They had killed Robert and wrapped him up in a blanket and put him in my truck and hauled him to a dumpster. . . .

Q. All right.

A. And then [defendant] says, "You better not believe [the accomplice] because he may be lying," and started laughing about it. . . .

Q. All right. Go ahead.

A. And he said that if [the accomplice], me, or Lori told about what had happened he would kill us, and he said that if I said anything he would take my little boy off and sell him.

Q. Sell him?

A. Right.

. . .

Q. *You [sic] afraid of [the defendant]?*

A. *Yes, I am.*

MR. CANNON: Objection.

COURT: Overruled.

(Emphasis added.) Defendant contends the trial court erroneously admitted the witness's testimony that she was "afraid" of defendant at the time of trial.

We agree. The State had not contended defendant intimidated the witness at the time of trial. The witness's testimony that she was afraid of defendant at the time of trial has no apparent relevance to this case other than to imply the defendant was a violent person; consequently, the witness's statement that she was afraid at the time of trial should not have been admitted. *State v. Bell*, 87 N.C. App. 626, 636, 362 S.E. 2d 288, 294 (1987). However, defendant did not object at trial nor assign error on appeal to the witness's immediately preceding testimony that defendant had threatened to kill her and sell her child if she reported the crime. Given that testimony, we do not believe there is a reasonable possibility that a different result would have been reached if the trial court had excluded the witness's statement that she was afraid of defendant at the time of trial. *See* N.C.G.S. Sec. 15A-1443(a) (1988).

II

[2] Defendant also contends the trial court erroneously failed to grant his motion to dismiss the charge of second-degree arson under Section 14-58, which states:

There shall be two degrees of arson as defined at the common law. If the dwelling burned was occupied at the time of the burning, the offense is arson in the first-degree . . . If the dwelling burned was unoccupied at the time of the burning, the offense is arson in the second-degree . . .

N.C.G.S. Sec. 14-58 (1986). Before a motion to dismiss is denied, the court must find substantial evidence of each essential element of the offense charged. The evidence is considered in the light most favorable to the State and the State is entitled to every reasonable inference from that evidence. *State v. Powell*, 299 N.C. 95, 99, 261 S.E. 2d 114, 117 (1980).

Section 14-58 does not re-define the crime of arson but instead incorporates the common law definition that "arson is the wilful and malicious burning of the dwelling house of another person." *State v. Vickers*, 306 N.C. 90, 100, 291 S.E. 2d 599, 606 (1982).

"Further, since arson is an offense against the security of the habitation and not the property, an essential element of the crime is that the property be inhabited by some person." *Id.* The only inhabitants of the trailer before it burned were Robert Mayse and his wife, Lori. Defendant contends the State's evidence showed the trailer was uninhabited at the time it was burned since: (1) Robert Mayse had been murdered, wrapped in a blanket, and left in a trash dumpster several days before the burning; and (2) Lori Mayse had disconnected the power to the trailer, vacated it and paid defendant $50 pursuant to an alleged scheme with defendant to burn the trailer. Defendant thus contends he could not be convicted of common law arson under these facts since both prior inhabitants of the trailer were permanently absent from the trailer at the time it was burned.

We agree. "[T]he main purpose of common law arson is to protect against danger to those persons who *might* be in the dwelling house which is burned." *State v. Jones,* 296 N.C. 75, 77-78, 248 S.E. 2d 858, 860 (1978) (emphasis added); *accord State v. White,* 288 N.C. 44, 50, 215 S.E. 2d 557, 561 (1975) ("gravamen" of offense is danger to persons "who are or might be in the dwelling . . ."). Under these particular facts, there was no danger to anyone who "might" have been in the trailer at the time it burned. First, the State's evidence showed Robert Mayse was dead several days before defendant allegedly burned the trailer. While temporary absence from a dwelling will not affect its status as an inhabited dwelling, the inhabitant's death certainly renders it uninhabited since someone must "live" in a dwelling for it to be "inhabited." *See State v. Eubanks,* 83 N.C. App. 338, 339, 349 S.E. 2d 884, 885 (1986); *see also Vickers,* 306 N.C. at 100, 291 S.E. 2d at 606. Thus, Robert Mayse no longer inhabited the trailer at the time it was burned.

Likewise, the evidence shows that Lori Mayse had permanently abandoned the trailer at the time of the burning. Ms. Mayse had shut off electric power to the trailer and was living elsewhere at the time of the burning. Furthermore, the State's evidence showed her consent to, if not active participation in, a scheme with defendant to burn the trailer. This fact alone arguably precluded defendant's conviction of common law arson: it is certainly evidence of Ms. Mayse's intention not to return to the trailer. *Compare State v. Allen,* 322 N.C. 176, 196, 367 S.E. 2d 626, 637 (1987) (tenant could commit arson by burning own apartment only because entire building where others dwelled was threatened) *with* 5 Am. Jur.

2d, *Arson and Related Offenses* Sec. 26 (1962) (if person cannot commit common law arson against own dwelling, defendant who burns dwelling at person's request cannot be prosecuted for common law arson). Thus, the undisputed evidence is that Lori Mayse had ceased to inhabit the trailer at the time it was burned.

Other statutes prohibit an occupant from burning, or procuring others to burn, the occupant's dwelling. *E.g.*, N.C.G.S. Sec. 14-65 (1986); N.C.G.S. Sec. 14-67.1 (1986); *see also* N.C.G.S. Sec. 14-49(b) (1986) (damaging property by incendiary device). However, our courts maintain a clear distinction between the "ancient crime" of arson and other statutory crimes. *White*, 288 N.C. at 51, 215 S.E. 2d at 561. Accordingly, we reverse defendant's conviction of common law arson under Section 14-58. We therefore do not address defendant's contention that the trial court should have submitted certain alleged lesser-included offenses to the jury at the time it submitted the issue of common law arson.

## III

[3] Although defendant failed to object to the prosecutor's closing remarks at trial, defendant now argues the trial court's failure to exclude the remarks constitutes plain error. Specifically, defendant complains he was prejudiced by the prosecutor's following statements: (1) "Let me tell you something, folks, you have heard people who are involved in this killing, yet there is someone else that knows about this killing"; (2) "Do you think the family of this boy over here that's been here all week likes not having that boy or thinking he is out in some garbage dump?"; (3) "That is, without a doubt, the sorriest doings I've ever seen in my life, the killing and all the other stuff you've heard about this week." Defendant also contests the prosecutor's statements that certain prosecution witnesses were "truthful."

The trial court properly instructed the jury that defendant was entitled to remain silent during his trial and that the jury was the sole judge of the witnesses' credibility. We reject defendant's contention the trial court's failure to intervene during the prosecutor's remarks was "plain error" in light of our Supreme Court's analysis of similar facts in *State v. Wilson*, 311 N.C. 117, 130, 316 S.E. 2d 54-55 (1984):

> Defendant did not object to the prosecutor's argument at the time the above statements were made. . . . The de-

fendant's closing argument and the trial judge's charge to the jury emphasized the presumption of innocence of the defendant and the State's burden of proving its case beyond a reasonable doubt. Assuming, arguendo, that the prosecutor's statement could be construed as . . . impermissible . . ., it was not so extreme or so clearly calculated to prejudice the jury that the trial judge should have *ex mero motu* instructed the jury to disregard the remarks. Whatever error there may have been, it was cured by the trial judge's instructions to the jury.

Accordingly, we reject this assignment of error.

IV

[4] Although defendant did not request the trial court find that defendant had an extenuating relationship with the murder victim, Robert Mayse, defendant argues the trial court was nevertheless required to find that factor mitigated his conviction of second-degree murder. *Cf.* N.C.G.S. Sec. 15A-1340.4(a)(2)(i) (offense mitigated if defendant acted under strong provocation or relationship between defendant and victim was "extenuating"). It is true that the trial court has the duty to find a statutory mitigating factor that has not been requested by defendant when the evidence " 'so clearly establishes the fact in issue that no reasonable inferences to the contrary can be drawn' and the credibility of the evidence 'is manifest as a matter of law.' " *State v. Gardner*, 312 N.C. 70, 72, 320 S.E. 2d 688, 690 (1984) (quoting *State v. Jones*, 309 N.C. 214, 220, 306 S.E. 2d 451, 455 (1983) ). Given this standard, defendant asserts the trial court was required to find that an extenuating relationship between defendant and Robert Mayse existed such that his conviction for the murder of Robert Mayse was mitigated.

Our review of the evidence does not support this assertion. Defendant contends the trial court was compelled to find this factor in light of Lori Mayse's testimony that she told defendant the victim had been "torturing" and otherwise mistreating her. Since there was evidence of a scheme between Ms. Mayse and defendant to burn the trailer, the trial court did find defendant's relationship with *Lori Mayse* mitigated his alleged arson of her trailer; however, any relationship between defendant and Lori Mayse did not necessarily compel the trial court to find a similar extenuating relationship existed between defendant and *Robert Mayse*, the murder victim. There was no evidence of strong provocation or an extenuating relationship between defendant and the victim such that the trial

court was compelled to find this mitigating factor under the evidentiary standards set forth in *Gardner*. Accordingly, we also reject this assignment of error.

Conviction for second-degree murder—no error.

Conviction for second-degree arson—reversed.

Judge PHILLIPS concurs in the result.

Judge COZORT concurs

Judge COZORT concurring.

I agree that the facts in this case did not support submission to the jury of the offense of second-degree arson. I hasten to add, however, that defendant is subject to being reindicted and tried on the appropriately designated offense under Article 14 or Article 15 of Chapter 14 of the General Statutes.