STATE OF NORTH CAROLINA v. MICHAEL RAY TEETER, SR.

No. COA03-1013

(Filed 3 August 2004)

**Arson— burning a garage—erroneous grant of motion to dismiss—double jeopardy**

The trial court violated defendant's double jeopardy rights in a burning a garage in violation of N.C.G.S. § 14-62 case and the conviction must be vacated based on the trial court's erroneous grant of defendant's motion for dismissal of an arson charge at the first trial, because: (1) the original indictment charging defendant with first-degree arson was sufficient to support a conviction for burning the garage within the curtilage of the house; (2) dismissal of the original arson charge precludes further prosecution for burning the same outbuilding; and (3) whether correct or erroneous, the judgment of nonsuit had the force and effect of a verdict of not guilty.

Appeal by defendant from judgment entered 15 February 2003 by Judge Clarence E. Horton, Jr., in Cabarrus County Superior Court. Heard in the Court of Appeals 29 April 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Lisa Granberry Corbett, for the State.*

*Moser, Schmidly & Roose, by Richard G. Roose, for defendant-appellant.*

LEVINSON, Judge.

Defendant (Michael Teeter) appeals from judgment entered upon his conviction of burning a garage in violation of N.C.G.S. § 14-62 "Burning of Certain Buildings." For the reasons that follow, we conclude his conviction must be vacated.

The relevant facts are not in dispute, and are summarized as follows: On 14 January 2002 defendant was charged with first degree arson in an indictment alleging in pertinent part that the defendant

willfully and feloniously did maliciously burn the dwelling house inhabited by Rita Ilene Mullis and Allie Teeter located at 405 Oakdale Avenue, Kannapolis, North Carolina. At the time of

the burning, Rita Ilene Mullis and Allie Teeter [were] in the dwelling house.

The case was originally tried on 22 July 2002 before Judge W. Erwin Spainhour. Trial evidence tended to show that in June 2001 the defendant's mother, Allie Teeter, was staying with her sister defendant's aunt, Rita Mullis, at 405 Oakdale Avenue, Kannapolis. Approximately ten to fifteen yards from the Mullis house was a garage, in which were stored household items, including a freezer filled with food, chests of drawers containing clothing, a lawn-mower, and unused furniture. Both women were home on the evening of 29 June 2001. At around 2:00 a.m Teeter and Mullis discovered that the garage adjacent to the house was on fire. The fire department was summoned and contained the fire before it spread beyond the garage. At trial, Teeter testified that several days later the defendant told her he had set the fire. Defendant's sister and brother-in-law also testified that defendant had confessed that he was responsible for burning the garage. In addition, the Kannapolis fire investigator offered an expert opinion that the fire did not start accidentally, but was set intentionally.

At the close of the State's evidence, defendant moved for dismissal, on the grounds that there was a fatal variance between the indictment and the proof offered at trial. He argued that, although there was evidence that defendant burned the **garage** at 405 Oakdale, no evidence had been offered to support the allegation in the indictment that the **dwelling** at 405 Oakdale had been burned. The prosecutor argued that an indictment for arson of the dwelling house at 405 Oakdale was sufficient to charge burning of an adjacent building within the curtilage of the house, such as the garage. The trial court granted defendant's nonsuit motion and dismissed the arson charge against defendant.

On 5 August 2002 defendant was re-indicted for burning the same garage on Oakdale Avenue. He was charged in two separate indictments. One charged defendant with second degree arson, and the other indictment charged defendant with burning an uninhabited building, in violation of G.S. § 14-62. Defendant was retried before Judge Clarence E. Horton on 13 January 2003. The evidence presented at the second trial was virtually identical to the trial evidence from the first trial, and at the close of the State's evidence, defendant again moved for dismissal. The trial judge dismissed the charge of second degree arson, but denied defendant's motion with respect to the charge of burning an uninhabited building.

Defendant was convicted of the charge and received an active prison sentence of twenty-five to thirty months. From this conviction and judgment, defendant appeals.

---

Defendant argues that his second trial was conducted in violation of his constitutional double jeopardy rights. We agree.

Defendant's first trial was upon an indictment charging him with first degree arson. "The common law definition of arson is still in force in North Carolina, and arson has been defined as the willful and malicious burning of the dwelling house of another person." *State v. Jones*, 110 N.C. App. 289, 291, 429 S.E.2d 410, 412 (1993) (citations omitted). "At common law, arson was the malicious and voluntary or willful burning of another's house, or dwelling house, **or outhouse appurtenant to or a parcel of the dwelling house or within the curtilage.**" 5 AM. JUR. 2D *Arson and Related Offenses* § 1 (2004) (emphasis added). North Carolina has long followed this common law rule that arson includes the burning of a dwelling or of an outbuilding in the curtilage of the house. *See, e.g., State v. Cuthrell*, 235 N.C. 173, 176, 69 S.E.2d 233, 235 (1952):

> [I]t must be borne in mind that the common law crime of arson embraces only a dwelling house and such structures as are within the curtilage. The extension of the crime, in modified forms, to the burning of other buildings and structures rests entirely upon statutory grounds.

"In North Carolina, 'curtilage of the home will ordinarily be construed to include at least the yard around the dwelling house as well as the area occupied by barns, cribs, and other outbuildings.'" *State v. Rhodes*, 151 N.C. App. 208, 214, 565 S.E.2d 266, 270 (2002) (quoting *State v. Frizzelle*, 243 N.C. 49, 51, 89 S.E.2d 725, 726 (1955)). Thus, under our common law definition of arson, a defendant may properly be charged with arson when he burns an outbuilding within the curtilage of an inhabited house.

"The General Assembly adopted N.C.G.S. § 14-58 . . . [i]n order to give more protection when a dwelling house is occupied by a person at the time of the burning." *State v. Barnes*, 333 N.C. 666, 677, 430 S.E.2d 223, 229 (1993). The "Punishment for arson" statute provides:

> There shall be two degrees of arson as defined at the common law. If the dwelling burned was occupied at the time of the burning, the offense is arson in the first degree and is punishable as a

Class D felony. If the dwelling burned was unoccupied at the time of the burning, the offense is arson in the second degree and is punishable as a Class G felony.

N.C.G.S. § 14-58 (2003). Likewise, the inclusion, within the common law definition of arson, of outbuildings within the immediate curtilage of a dwelling is consistent with " 'the main purpose of common law arson [which] is to protect against danger to those persons who might be in the dwelling house which is burned[.]' " *State v. Pigott*, 331 N.C. 199, 207, 415 S.E.2d 555, 560 (1992) (quoting *State v. Jones*, 296 N.C. 75, 77, 248 S.E.2d 858, 860 (1978)). We conclude that the original indictment charging defendant with arson was sufficient to support a conviction for burning the garage within the curtilage of the house.

We further conclude that the original indictment was not invalid on account of its failure to specify the particular outbuilding within the curtilage that defendant burned.

> In examining the sufficiency of a bill of indictment, the trial judge must determine that: "(1) The offense is charged in a plain, intelligible, and explicit manner; (2) The offense is charged properly so as to avoid the possibility of double jeopardy; and (3) There is such certainty in the statement of the accusation as to enable the accused to prepare for trial and to enable the court, on conviction . . . to pronounce sentence according to the rights of the case."

*Jones*, 110 N.C. App. at 291, 429 S.E.2d at 411-12 (upholding conviction for second degree arson upon indictment that did not state that building was unoccupied at time of fire) (quoting *State v. Reavis*, 19 N.C. App. 497, 498, 199 S.E.2d 139, 140 (1973)). On the facts of this case, the absence in the indictment of a specific reference to the **garage** neither impaired defendant's ability to present a defense, nor exposed him to the possibility of successive prosecutions.

Because the original indictment charging defendant with arson would have supported a conviction for burning the garage next to the house, we conclude that the trial court erred by dismissing the charge against defendant at the first trial. We further conclude that dismissal of the original arson charge precludes further prosecution for burning the same outbuilding. For example, in *State v. Ballard*, 280 N.C. 479, 186 S.E.2d 372 (1972), defendant was tried for robbery with a dangerous weapon. His motion for nonsuit was granted, on the grounds that

there was a fatal variance between the victim alleged in the indictment and the evidence at trial. Defendant was subsequently reindicted for the same robbery under an indictment that alleged a different victim. On appeal, the North Carolina Supreme Court held that the original indictment would have been sufficient to support a conviction, and that the trial judge erred by granting defendant's nonsuit motion at the first trial. That being so, the Court held that principles of double jeopardy barred defendant's retrial:

> Whether correct or erroneous, the judgment of nonsuit had the force and effect of a verdict of "not guilty" as to the [charge] for which Ballard was then being tried, [and] . . . barred further prosecution for that crime. . . . Decision on this appeal is that the judgment of nonsuit for variance was improvidently entered[, and]. . . protects Ballard from the second prosecution[.]

*Id.* at 483-84, 490, 186 S.E.2d at 373-74, 377-78.

Similarly, in *State v. Vestal*, 131 N.C. App. 756, 509 S.E.2d 249 (1998), the trial court *sua sponte* dismissed the charges against defendant at the close of the State's evidence. The State attempted to appeal, and argued that principles of double jeopardy would not bar the appeal or a retrial. This Court disagreed, holding that

> due to the trial court's *sua sponte* dismissal of this case, defendant was involuntarily deprived of his constitutional right to have his trial completed by the jury which had been duly empaneled and sworn. . . . [T]he rule against double jeopardy bars further prosecution of defendant on the charge set forth in the indictment.

*Id.* at 760, 509 S.E.2d at 252 (citations omitted).

We note that the issue of whether the State might originally have charged defendant with violating G.S. § 14-62 by burning an outbuilding **outside** the curtilage of an **inhabited** dwelling is not before this Court. In the instant case, the State elected to indict defendant for first degree arson. We conclude that an indictment for first degree arson of an inhabited dwelling house is sufficient to support a conviction for burning a building within the curtilage of the dwelling house. Accordingly, the trial judge erred by granting defendant's motion for dismissal at the first trial. "Whether correct or erroneous, the judgment of nonsuit had the force and effect of a verdict of 'not guilty.' " *Ballard*, 280 N.C. at 484, 186 S.E.2d at 374. Therefore,

defendant could not be retried for burning the same garage. We recognize that the absence of a statutory definition of arson has rendered this area of law somewhat murky; we further acknowledge that, although defendant served a two-year prison term for this offense, it will not result in a conviction on his record. However, for the reasons discussed above, we conclude that defendant's conviction must be

Vacated.

Judges McCULLOUGH and HUDSON concur.