**STATE v. NIPPER**

[177 N.C. App. 794 (2006)]

STATE OF NORTH CAROLINA, Plaintiff v. KASEY LEE NIPPER, Defendant

No. COA05-909

(Filed 6 June 2006)

### Arson— outbuilding—common law definition

Defendant was properly indicted and convicted for first-degree arson under N.C.G.S. § 14-58, rather than burning an outbuilding under N.C.G.S. § 14-62, where the garage that was burned was within the curtilage of an inhabited house. Although there is tension between N.C.G.S. § 14-62 and the common law definition of arson, binding precedent from an earlier Court of Appeals panel upholds the common law definition.

Appeal by Defendant from judgment entered 2 December 2004 by Judge Beverly T. Beal in Superior Court, Catawba County. Heard in the Court of Appeals 28 March 2006.

*Attorney General Roy Cooper, Assistant Attorney General Sandra Wallace-Smith, for the State.*

*David Childers, for defendant-appellant.*

WYNN, Judge.

A defendant may be properly charged with arson when he burns an outbuilding within the curtilage of an inhabited house.[1] In this case, Defendant argues that he was erroneously indicted for arson under section 14-58 of the North Carolina General Statutes when he should have been charged for burning an outbuilding under section 14-62. Because the outbuilding burned was located within the curtilage of the house, we hold that Defendant was properly indicted and convicted for the first-degree arson.

The facts pertinent to this case indicate that following an altercation with his ex-girlfriend, Defendant Kasey Lee Nipper drove to her home where she stayed with her parents, entered the home's detached garage, waited in the garage for his ex-girlfriend's return, slashed the tires on her father's truck with a pocket knife, drank a beer found in the cooler beside the truck, and smoked marijuana. Thereafter, Defendant noticed "real thick black-gray smoke roaring up from the left

---

1. *See State v. Teeter*, 165 N.C. App. 680, 682, 599 S.E.2d 435, 436, *disc. review denied*, 359 N.C. 74, 605 S.E.2d 147 (2004).

side of the freezer," left the garage and returned to his own apartment. At the time of the fire, Defendant's ex-girlfriend's father and her son were in the house.

Defendant was arrested and charged with injury to personal property, second-degree burglary, and first-degree arson. At trial, he was convicted of injury to property, non-felonious breaking or entering, and first-degree arson. Defendant was sentenced for sixty days for injury to personal property, 120 days for breaking and entering, and sixty-five to eighty-seven months for first-degree arson.

On appeal, Defendant argues that he was erroneously indicted for arson under section 14-58 of the North Carolina General Statutes when he should have been charged for burning an outhouse under section 14-62.

Section 14-58 provides that "[i]f the dwelling burned was occupied at the time of the burning, the offense is arson in the first degree and is punishable as a Class D felony." N.C. Gen. Stat. § 14-58 (2005). Moreover, while the statute states that arson involves the burning of an occupied dwelling, our caselaw has held that a defendant may also be charged with arson under section 14-58 for burning a building located within the curtilage of an occupied dwelling. *Teeter*, 165 N.C. App. at 682, 599 S.E.2d at 436. Curtilage is defined as including " 'at least the yard around the dwelling house as well as the area occupied by barns, cribs, and other outbuildings.' " *State v. Browning*, 28 N.C. App. 376, 379, 221 S.E.2d 375, 377 (1976) (quoting *State v. Frizzelle*, 243 N.C. 49, 51, 89 S.E.2d 725, 726 (1955)). The burning of buildings located within the curtilage is included in the definition of arson because the proximity of the buildings to the dwelling house increases the risk of danger to any inhabitants of the house. " '[T]he main purpose of common law arson [] is to protect against danger to those persons who might be in the dwelling house[.]' " *Teeter*, 165 N.C. App. at 683, 599 S.E.2d at 437 (quoting *State v. Pigott*, 331 N.C. 199, 207, 415 S.E.2d 555, 560 (1992)).

In *Teeter*, the defendant had been charged with arson in the first degree for burning a garage located approximately ten to fifteen yards from the home. *Id.* at 681, 599 S.E.2d at 435. At the close of the State's evidence, the defendant moved for dismissal on the grounds of a fatal variance between the evidence indictment and the evidence offered at trial. *Id.* The defendant argued that while there was evidence that he had burned the garage, there had been no evidence introduced that he had burned a dwelling, the requirement for arson. *Id.*, 599 S.E.2d at 436.

The defendant asserted that to get a conviction of arson, the State would have to prove that he had burned a dwelling. *Id.* The trial court granted the nonsuit motion and dismissed the arson charge. *Id.*

On appeal, this Court began its analysis by noting that the "common law definition of arson is still in force in North Carolina[.]' " *Id.* at 682, 599 S.E.2d at 436 (quoting *State v. Jones*, 110 N.C. App. 289, 291, 429 S.E.2d 410, 412 (1993)). The Court then outlined the common law definition of arson: " 'the malicious and voluntary or willful burning of another's house. . . **or outhouse appurtenant to or a parcel of the dwelling house or within the curtilage.**' " *Id.* (quoting 5 AM. JUR. 2D Arson and Related Offenses § 1 (2004)) (emphasis in original). Applying this law to the facts, this Court determined that "the original indictment charging defendant with arson was sufficient to support a conviction for burning the garage within the curtilage of the house." *Id.* at 683, 599 S.E.2d at 437.

The present case is factually indistinguishable from *Teeter.* Here, Defendant set fire to a garage located within the curtilage of the dwelling, thirty feet from the house. *See Browning*, 28 N.C. App. at 379, 221 S.E.2d at 377. At the time of the fire, the house was occupied. Accordingly, following *Teeter*, we must hold that the indictment for first-degree arson was proper. *Teeter*, 165 N.C. App. at 683, 599 S.E.2d at 437.

Nonetheless, Defendant argues that *Teeter* conflicts with the application of section 14-62 of the North Carolina General Statutes which states "[i]f any person shall wantonly and willfully set fire to or burn . . . any uninhabited house, or any . . . outhouse . . . he shall be punished as a Class F felon." N.C. Gen. Stat. § 14-62 (2005). He relies on *State v. Woods* to support his contention that the language of section 14-62 has removed the burning of outbuildings within the curtilage of a dwelling house from application of the common law offense of arson. *State v. Woods*, 109 N.C. App. 360, 427 S.E.2d 145 (1993).

In *Woods*, this Court held that a defendant was properly charged and convicted under section 14-62 for burning a storage building within the curtilage of a dwelling. *Id. at* 365, 427 S.E.2d at 148. The defendant argued that section 14-62 did not apply to buildings like the one he burned. This Court first examined the term "outhouse" as used in section 14-62, concluding that " '[a]n out-house is [a building] that belongs to a dwelling house, and is in some respect parcel of such dwelling house and situated within the curtilage.' " *Id.* at 364, 427 S.E.2d at 147 (quoting *State v. Roper*, 88 N.C. 656, 658 (1883)). The Court next con-

IN RE A.R.H.

[177 N.C. App. 797 (2006)]

sidered whether the storage house was located within the curtilage of the home. While no exact measurement was given in the record, the distance from the home to the storage house was described as "half the length of the courtroom." *Id.* at 365, 427 S.E.2d at 148. The Court determined that this distance meant that the storage building was within the home's curtilage. *Id.* Accordingly, the Court concluded that the storage house qualified as an outhouse for purposes of section 14-62 and affirmed the conviction. *Id.* at 366, 427 S.E.2d at 149.

While we recognize the tension between the application of section 14-62 in *Woods* and this Court's holding in *Teeter*, we must reject Defendant's first assignment of error as barred by binding precedent. When a panel of the Court of Appeals has decided the same issue, a subsequent panel is bound by that precedent, unless the previous case has been overruled by a higher court. *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989).

In sum, because *Teeter* holds that buildings within the curtilage of an inhabited home are included in the definition of arson, we must affirm the trial court's denial of Defendant's motion to dismiss the charge of first-degree arson. *Teeter*, 165 N.C. App. at 682, 599 S.E.2d at 436.

No error.

Judges ELMORE and LEVINSON concur.