STATE OF NORTH CAROLINA v. ALBERTO DENNIS WALLACE, TROY
DONALD WALLACE, JONATHAN LESLEY JOLLY, AND SEAN
FRANCIS ROLLMAN

No. 9221SC145

(Filed 17 August 1993)

**1. Searches and Seizures § 21 (NCI3d)— informant's tip—no probable cause sufficient to issue search warrant**

An informant's tip that marijuana was being grown in the basement of a residence, standing alone, was insufficient to constitute probable cause to issue a search warrant.

**Am Jur 2d, Searches and Seizures § 73.**

**2. Searches and Seizures § 3 (NCI3d)— officers' justifiable basis to approach home—informant's tip—officers' right to ask questions**

The trial court erred in concluding that officers did not have a justifiable basis to approach defendants' residence where an informant told them that marijuana was being grown in the basement of a residence, and the officers felt that they did not have sufficient probable cause to obtain a search warrant, so they went to defendants' residence to inquire further into the matter, since law enforcement officers have the right to approach a person's residence to inquire whether the person is willing to answer questions.

**Am Jur 2d, Searches and Seizures § 83.**

**3. Searches and Seizures § 10 (NCI3d)— probable cause to search house—no belief evidence about to be destroyed—no necessity for protective sweep**

Officers had sufficient probable cause to believe criminal activity was taking place in a house because of information originally provided by an informant and a statement made by an occupant of the house that there might be some marijuana or marijuana seeds and drug paraphernalia that he would like to dispose of before he consented to the search; however, the exigent circumstances would not justify a warrantless entry into the residence where the record was devoid of any evidence that the officers entered the residence with a reasonably objective belief that evidence was about to be removed or destroyed, and the officers' five-minute search of

the residence on the basis of a protective sweep was an unreasonable inspection of the residence on the basis that the officers candidly admitted they did not feel they were in danger at any time.

**Am Jur 2d, Searches and Seizures § 76.**

**4. Searches and Seizures § 25 (NCI3d)— search pursuant to warrant—warrant based on observations from prior unlawful entry**

Any search pursuant to a warrant is not a genuinely independent source of information sufficient to remove the taint of an earlier unlawful entry if the warrant was either prompted by what officers saw in the initial unlawful entry, or if the information obtained during the entry was presented to the Magistrate and affected his decision to issue the search warrant.

**Am Jur 2d, Evidence § 415; Searches and Seizures § 108.**

Appeal by the State from order entered 4 December 1991 by Judge Thomas W. Seay, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 4 March 1993.

Mr. Alberto Wallace, Mr. Troy Donald Wallace, Mr. Jonathan Lesley Jolly, and Mr. Sean Francis Rollman were each indicted for possession with the intent to manufacture, sell and distribute marijuana, conspiracy with others to commit the felony of manufacturing marijuana, maintaining a dwelling for the purpose of violating the Controlled Substance Act, and possession of drug paraphernalia. In addition, defendant Jolly was indicted for possession of cocaine. All four defendants made motions to suppress the evidence in the indictments.

A suppression hearing was held on 6 November 1991 in Forsyth County Superior Court before Judge Thomas W. Seay, Jr. After the presentation of evidence by counsel, Judge Seay granted the four motions to suppress the evidence. On 4 December 1991, the trial court entered an order to this effect *nunc pro tunc* 6 November 1991. The State appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Valerie B. Spalding, for the State.*

*Donald Tisdale for defendant-appellee Sean Francis Rollman.*

*Darwin Littlejohn for defendant-appellee Jonathan Lesley Jolly.*

*Carl Parrish for defendants-appellees Alberto Dennis Wallace and Troy Donald Wallace.*

JOHNSON, Judge.

The facts pertinent to this appeal are as follows: On or about 20 July 1991, Detective K. E. Powers of the Winston-Salem Police Department, along with Sergeant Homer Craig, received information from an informant that marijuana was being grown in the basement of a residence located at 2016 Colonial Place, Winston-Salem, North Carolina. At the time the officers received the information, the information could not be confirmed and the officers had no way of corroborating the informant's information. Therefore, on 20 July 1991, the officers went to Colonial Place residence in an attempt to confirm or deny the information.

When the officers knocked on the door, a man who identified himself as Jonathan Jolly answered. The officers identified themselves and explained that they had received some information that marijuana plants were being grown in the residence. Mr. Jolly exited the residence and closed the door to the residence behind him. The officers then questioned Mr. Jolly about the presence of other individuals in the residence. Mr. Jolly told the officers that one of his roommates was there asleep. At that point, the officers asked Mr. Jolly for consent to search the residence. Before Mr. Jolly could answer, one of Mr. Jolly's roommates, Mr. Troy Wallace, exited the residence. The officers again asked for consent to search the residence, which they denied. Mr. Jolly then stated that "there might be some drug paraphernalia and marijuana seeds in the house," and that he would not consent to a search until he had time to get rid of the contraband.

After the officers were denied consent to search, they heard footsteps in the residence and a door shut on the inside. The officers asked the roommates who was in the residence and the roommates said they did not know because they had just arrived.

The officers then informed the two men that they were going to apply for a search warrant due to Mr. Jolly's deception concerning the persons in the residence. They executed a protective sweep before leaving the residence to obtain a search warrant. During the protective sweep, the officers observed what appeared to be

marijuana plants. Detective Powers also confirmed the presence of another individual in the residence. Upon opening a bathroom door, he observed Mr. Alberto Wallace, who was also an occupant of the residence, flushing something down the toilet.

After the protective sweep of the residence, defendants were detained in the residence. Detective Powers and Sergeant Craig went to apply for a search warrant. In the application for the search warrant, Detective Powers referenced, as grounds for probable cause, the fact that he had observed what appeared to be marijuana during a "protective sweep" of the residence.

The State contends that the trial court erred in granting defendants' motions to suppress evidence seized during a warrantless search of the residence at 2016 Colonial Place. The State enumerates a series of arguments to support its contention.

Upon a voir dire hearing pursuant to a motion to suppress evidence, the trial court's findings of fact, if supported by competent evidence, are conclusive and binding on the appellate courts. The conclusions drawn from the facts found are, however, reviewable. *State v. Tripp*, 52 N.C. App. 244, 278 S.E.2d 592 (1981). The State does not dispute the sufficiency of the evidence to support any particular finding of fact. Rather, the State challenges the legal conclusions that flow from the evidence and the findings.

[1] First, the State contends that the trial court erred when it concluded that the information initially given to Detective Powers and Sergeant Craig was insufficient to constitute probable cause for the issuance of a search warrant. We find the trial court's conclusion is supported by the law.

Probable cause is a "common sense, practical question" based on "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Illinois v. Gates*, 462 U.S. 213, 231, 76 L.Ed.2d 527, 544, *reh'g denied*, 463 U.S. 1237, 77 L.Ed.2d 1453 (1983). The standard to be met when considering whether probable cause exists is the totality of the circumstances. *Id.*

In the case *sub judice*, the evidence is not sufficient to constitute probable cause. Detective Powers and Sergeant Craig received information from an informant that marijuana plants were being grown in the basement of a residence located on 2016 Colonial Place. The officers attempted to corroborate the information given

to them by the informant but were unable to do so. The testimony at the hearing indicates that although the informant had been reliable on a previous occasion, the officers did not consider the information given to them in the case *sub judice* to be sufficient to constitute probable cause. Nothing in the record indicates that the informant was present in the residence to observe the contraband he described. Based on a totality of the circumstances, we find the informant's tip alone was insufficient to constitute probable cause to issue a search warrant.

[2] Next, the State contends that the trial court erred when it concluded that without corroboration the officers had no justifiable basis to approach the defendants' residence. We agree.

Law enforcement officers have the right to approach a person's residence to inquire whether the person is willing to answer questions. *State v. Prevette*, 43 N.C. App. 450, 455, 259 S.E.2d 595, 599-600 (1979), *appeal dismissed and disc. review denied*, 299 N.C. 124, 261 S.E.2d 925, *cert. denied*, 447 U.S. 906, 64 L.Ed.2d 855 (1980). The testimony at trial clearly reveals the intentions of Detective Powers and Sergeant Craig. They both testified that their informant told them that marijuana was being grown in the basement of the residence located on 2016 Colonial Place. The officers, however, did not feel they had sufficient probable cause to obtain a search warrant so they went to the defendants' residence to inquire further into the matter. The officers' approach of the defendants' residence was justifiable, and therefore, we find that the trial court erred in concluding that the officers did not have a justifiable basis to approach the defendants' residence.

[3] The State further contends that the trial court erred when it concluded that the statement made by defendant Jolly concerning marijuana seeds and drug paraphernalia was insufficient to constitute probable cause to enter the residence.

"In dealing with probable cause, . . . we deal with probabilities. . . . Long before the law of probabilities was articulated as such, practical people formulated certain common-sense conclusions about human behavior; jurors as factfinders are permitted to do the same and so are law enforcement officials." *Illinois*, 462 U.S. at 231, 76 L.Ed.2d at 544.

The statement made by Mr. Jolly that there might be some marijuana or marijuana seeds and drug paraphernalia that he would

like to dispose of before he consented to the search clearly indicates that defendant did not want the officers to search his home before he could dispose of evidence of criminal activity. The fact that the statement was equivocal does not detract from the formulation of a common-sense conclusion that some criminal activity was or had taken place in the home. The officers had sufficient probable cause to believe criminal activity was taking place in the home because of the information originally provided by the informant and the statement made by Mr. Jolly.

However, probable cause alone is not enough to justify a warrantless entry into a home. In *Agnello v. United States*, 269 U.S. 20, 70 L.Ed. 145 (1925), the Court held that:

> [t]he search of a private dwelling without a warrant is, in itself, unreasonable and abhorrent to our laws. . . . Belief, however well founded, that an article sought is concealed in a dwelling house, furnishes no justification for a search of that place without a warrant. Any such searches are held unlawful notwithstanding facts unquestionably showing probable cause.

*Id.* at 32-33, 70 L.Ed. at 149. In order to justify a warrantless entry of a residence, there must be probable cause and exigent circumstances which would warrant an exception to the warrant requirement.

In *United States v. Turner*, 650 F.2d 526 (4th Cir. 1981), the Court grappled with the issue of whether exigent circumstances justified the warrantless entry into a defendant's apartment where the officers had arrested a defendant in front of his apartment and believed that a third party in the home had witnessed the arrest. The officers then entered the apartment because of their belief that the third party could destroy the readily destructible evidence. The Court catalogued some of the factors courts have considered relevant in determining whether exigent circumstances existed to support a warrantless search. These include: (1) the degree of urgency involved and the time necessary to obtain a warrant; (2) the officer's reasonably objective belief that the contraband is about to be removed or destroyed; (3) the possibility of danger to police guarding the site; (4) information indicating the possessors of the contraband are aware that the police are on their trail; and (5) the ready destructibility of the contraband. *Id.* at 528. The Court in *Turner* found that the facts of the case sat-

isfied pertinent factors and concluded the warrantless entry was justified.

> First, the court found a high degree of urgency. . . . Second, it found that there was a rational basis for their belief that Kelly could have seen Turner's arrest. . . . Third, the court found that there was a rational basis for the officers' belief that Kelly might destroy the evidence. Fourth, while the court made no specific finding on the destructibility of the contraband, . . . the cocaine seized at the apartment was readily destructible.

*Id.*

The State contends that in the instant case exigent circumstances existed warranting the warrantless entry into the residence. First, the State argues that the officers had a reasonably objective belief that the contraband in the residence was about to be removed or destroyed. We find no support for this contention.

In the case *sub judice*, we find that the record is devoid of any evidence that the officers entered the residence with a reasonably objective belief that evidence was about to be removed or destroyed. The only evidence of record stating or inferring the purpose of the officers' entry into the residence without a warrant was based upon the officers' intent to effectuate a protective sweep until a search warrant could be obtained. This is set forth in the officers' testimony at trial and the affidavit the officers used to obtain a search warrant. Therefore, we find no support for the State's contention that the officers entered the residence to prevent the removal or destruction of evidence.

Next, the State argues that the elements necessary to support a protective sweep of the residence were present warranting the officers warrantless entry into the residence. We also find no support for this contention.

The Supreme Court recently considered whether the fourth amendment permits properly limited protective sweeps by law enforcement officers in conjunction with in-home arrests in *Maryland v. Buie*, 494 U.S. 325, 108 L.Ed.2d 276 (1990). In regard to the officer's protective sweep in *Buie*, the Supreme Court held that "there must be articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors

an individual posing a danger to those on the arrest scene." *Id.*
at 334, 108 L.Ed.2d at 286. The Court also emphasized, however,
that the protective sweep must be aimed at protecting the officers
and must extend only to a cursory inspection of places where a
person may hide. In addition, the Court required that the search
last no longer than is necessary to dispel the reasonable suspicion
of danger and in any event no longer than it takes to complete
the arrest and depart the premises. *Id.* at 335-36, 108 L.Ed.2d at
287.

In *United States v. Akrawi*, 920 F.2d 418 (6th Cir. 1990), of-
ficers approached a residence with a warrant for an occupant's
arrest. The officers gained entry and effectuated the arrest of
the suspect. The officers then initiated a protective sweep of the
premises which revealed a 9mm pistol.

The Court, in striking down the protective sweep, noted first
that the officers articulated no specific basis for believing that
the second floor of the suspect's residence harbored any individual
posing a threat to agents. The agents encountered no resistance
upon entering the house and had no difficulty in arresting the
suspect. The agents heard no noises or voices that indicated anyone
might have been in hiding on the second floor. Lastly, the agents
remained in the house searching for forty-five minutes.

In the case *sub judice*, the officers were not at the property
with an arrest warrant. According to their testimony, they were
merely on the premises to gain more information after receiving
a tip about alleged criminal activity in the residence.

When the officers appeared on the premises, the officers en-
countered no resistance. Defendants Jolly and Troy Wallace at
all times talked to the officers in a calm manner and up until
the time the officers heard footsteps in the residence, the interview
with defendants Jolly and Wallace had been non-threatening.
Although the officers did hear footsteps in the residence, the of-
ficers admitted in their testimony at trial that they were not afraid
nor did they feel they were in a dangerous situation. The five
minute search of the residence on the basis of a protective sweep
was an unreasonable inspection of the residence on the basis that
the officers candidly admitted they did not feel they were in danger
at any time. Based on the law and the facts of the case *sub judice*,
we agree with the trial court's conclusion.

[4] Lastly, the State argues that the trial court erred when it concluded that the affidavit for the search warrant was tainted on its face because it was based on what the officers themselves observed in the residence. We disagree.

The exclusionary rule prohibits introduction into evidence of tangible materials seized during an unlawful search. *Murray v. United States*, 487 U.S. 533, 101 L.Ed.2d 472 (1988). However, evidence is not to be excluded if the connection between the illegal police conduct, the unlawful entry, the discovery and seizure of the evidence is so attenuated as to dissipate the taint, as where police had an independent source for discovery of the evidence. *Id.* The independent source doctrine permits the introduction of evidence initially discovered during, or as a consequence of, an unlawful search, but later obtained independently from lawful activities untainted by the initial illegality. *Id.*

For instance, the Court in *Segura v. United States*, 468 U.S. 796, 82 L.Ed.2d 599 (1984) held that a search warrant was valid where the information used to obtain the search warrant was not derived from the initial unlawful entry and where the information came from sources wholly unconnected with the unlawful entry and was known to the agents well before the initial entry.

The ultimate question then becomes whether the search warrant in the case *sub judice* was in fact based upon information obtained by exploitation of the initial illegality or instead by means independently distinguishable so as to purge the search warrant of the primary taint. *Segura*, 468 U.S. 796, 82 L.Ed.2d 599.

In the instant case, officers had acquired information from an informant and decided to investigate further. Upon talking to the occupants of the residence, the officers obtained information which caused them to believe criminal activity was taking place in the home. The officers initiated a protective sweep and then went to apply for a search warrant. In the application for the search warrant, the officers referenced as grounds for probable cause (1) the informant's information, (2) the defendant Jolly's statement concerning drug paraphernalia, and (3) information concerning what the officers had observed during the protective sweep.

We determined earlier that the protective sweep initiated by the officers was unlawful and because information from that unlawful entry was used in the affidavit to obtain the search warrant, the

search warrant was not based upon information wholly unconnected with the unlawful entry so as to purge the taint. As such, the search warrant was invalid and any evidence obtained pursuant to that search warrant must be suppressed. Any search pursuant to a warrant is not a genuinely independent source of information sufficient to remove the taint of an earlier unlawful entry if the warrant was either prompted by what officers saw in the initial unlawful entry, or if the information obtained during the entry was presented to the Magistrate and affected his decision to issue the search warrant. *Murray*, 487 U.S. 533, 101 L.Ed.2d 472. Accordingly, the trial court did not err in its conclusion to suppress the challenged evidence.

Although we determined earlier that the trial court was erroneous in concluding that the officers had no justifiable basis for approaching the residence, this conclusion of law is not the dispositive issue on appeal and is not prejudicial to a fair outcome of the case.

The decision of the trial court is affirmed.

Judges LEWIS and JOHN concur.