STATE v. WATERFIELD

[117 N.C. App. 295 (1994)]

━━━━━━━━━━

STATE OF NORTH CAROLINA v. JOHN DURWOOD WATERFIELD

No. 941SC321

(Filed 6 December 1994)

**1. Searches and Seizures § 109 (NCI4th)— probable cause for issuance of warrant**

There was no merit to defendant's contention that the trial court erred in denying defendant's motion to suppress evidence obtained through a search warrant because there was no substantial basis for the magistrate to conclude that probable cause existed that drugs would be found in defendant's home, since there were three separate sources who stated defendant sold and possessed drugs at his residence, including one who reported such activity within twenty-four hours before the warrant was obtained, and each source corroborated the same information regarding defendant's storage of marijuana in a padlocked cabinet in his bedroom.

**Am Jur 2d, Searches and Seizures § 118.**

2. **Searches and Seizures § 14 (NCI4th)— officers entering and securing defendant's residence—no illegal search and seizure**

The actions of police officers in entering and securing defendant's residence while obtaining a search warrant based on independent information did not violate defendant's Fourth Amendment rights.

**Am Jur 2d, Searches and Seizures §§ 36, 37.**

Appeal by defendant from judgment entered 6 December 1993 by Judge William C. Griffin, Jr., in Dare County Superior Court. Heard in the Court of Appeals 26 September 1994.

*Attorney General Michael F. Easley, by Assistant Attorney General Thomas O. Lawton, III, for the State.*

*Sharp, Michael, Outten & Graham, by John C. Graham, III, for defendant appellant.*

COZORT, Judge.

Defendant pled guilty to possession with intent to sell or deliver marijuana while expressly reserving his right to appeal the trial court's denial of his motion to suppress evidence. Defendant was sentenced to four years in prison. We affirm.

Evidence presented by the State tends to show that on 13 May 1993 Sergeant Michael Jasileum, Detective Peter Mora, and Detective James Mulford of the Kill Devil Hills Police Department went to defendant's residence without a search warrant. Defendant refused their request to search the house. The officers stated that one of them would stay with defendant while the others obtained a search warrant. Defendant said that the officer could stay outside on the porch. When the police insisted that the defendant remain in view of the officer at all times, defendant shut the door to his residence and locked it. Detective Mulford kicked the door down, ran into defendant's home and forced him to sit in a chair. Detective Mora remained with defendant inside the residence for approximately one and a half hours while Sergeant Jasileum obtained a search warrant.

In support of his request for a search warrant, Sergeant Jasileum presented the magistrate with an affidavit outlining the information supplied by informants regarding defendant's illegal activities and the police actions to verify the information. On 1 April 1993 three indi-

viduals gave Detective Mora about three grams of marijuana they said defendant had given them. They stated that defendant had shown them marijuana kept in a padlocked cabinet in his bedroom at his residence. On 2 April 1993 a confidential source ("CSI 1") told an officer he had seen marijuana at defendant's residence. He stated defendant kept the contraband in a padlocked cabinet in his bedroom. On 5 April 1993 officers visited defendant's residence and confirmed that defendant lived there. On 12 May 1993 another confidential source ("CSI 2") reported to Sergeant Jasileum that within the last twenty-four hours the source had seen about a half pound of marijuana at defendant's residence and had seen defendant sell marijuana from his home. CSI 2 further stated that defendant kept the marijuana inside a padlocked cabinet in his bedroom. The magistrate issued the search warrant, and the subsequent search resulted in the seizure of 75.9 grams of marijuana and various items of drug paraphernalia.

[1] Defendant first argues on appeal that the trial court erred in denying defendant's motion to suppress evidence obtained through the search warrant because there was no substantial basis for the magistrate to conclude that probable cause existed that drugs would be found in defendant's home. We disagree. The Supreme Court adopted a "totality of circumstances" test to determine the sufficiency of affidavits based on informant hearsay to establish probable cause for Fourth Amendment purposes. *State v. Arrington*, 311 N.C. 633, 319 S.E.2d 254 (1984).

> The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Id.* at 638, 319 S.E.2d at 257-58 (quoting *Illinois v. Gates*, 462 U.S. 213, 238, 76 L.Ed.2d 527, 548, *reh'g denied*, 463 U.S. 1237, 77 L.Ed.2d 1453 (1983)). Proper deference is given to a magistrate's determination of the existence of probable cause. *Arrington*, 311 N.C. 633, 319 S.E.2d 254. In the present case there were three separate sources who stated defendant sold and possessed drugs at his residence, with CSI 2 reporting such activity having occurred within twenty-four hours before the search warrant was obtained. Furthermore, each source corroborated the same information regarding defendant's storage of marijuana in a padlocked cabinet in his bedroom. A common sense

overview of the information supplied to the magistrate in this case provides sufficient probability of defendant's criminal activities to support the issuance of the search warrant.

The evidence itself is also sufficient to support the magistrate's determination of probable cause. Defendant claims the allegations of the first informant were stale and that the affidavit failed to show whether either informant's hearsay information was credible or reliable. This Court has ruled that probable cause may be established through timely and detailed information by an unfamiliar confidential informant when some of that information has been verified. *State v. Barnhardt*, 92 N.C. App. 94, 373 S.E.2d 461, *disc. review denied*, 323 N.C. 626, 374 S.E.2d 593 (1988). Although the affidavit made no mention of the reliability of any of the police sources, it did provide information of the presence and sale of marijuana at defendant's residence within twenty-four hours of the warrant application. It further detailed the location and manner of the storage of the marijuana by defendant which matched information supplied by other sources. We find the information presented was sufficient to support the magistrate's determination of probable cause to issue the search warrant.

[2] Defendant also argues the trial court erred in denying his motion to suppress because the officers' entry and securing of defendant's residence without a search warrant violated his Fourth Amendment right against illegal search and seizure. We find no violation. The exclusionary rule prohibits introduction of evidence obtained during an unlawful search. *State v. Wallace*, 111 N.C. App. 581, 433 S.E.2d 238, *disc. review denied*, 335 N.C. 242, 439 S.E.2d 161 (1993). However, evidence is not to be excluded if the connection between the unlawful entry and the discovery and seizure of the evidence "is so attenuated as to dissipate the taint, as where police had an independent source for discovery of the evidence." *Id.* at 589, 433 S.E.2d at 243. The United States Supreme Court in *Segura v. United States*, 468 U.S. 796, 82 L.Ed.2d 599 (1984), held that where the information used to obtain a search warrant was not derived from the initial unlawful entry and was completely independent from it, the search warrant was valid. The Supreme Court also held that where officers "secure the premises from within to preserve the status quo while others, in good faith, are in the process of obtaining a warrant, they do not violate the Fourth Amendment's proscription against unreasonable seizures." *Segura*, 468 U.S. at 798, 82 L.Ed.2d at 604.

In the instant case, the police secured defendant's house to maintain the status quo while officers left to apply for a search warrant. The officers who remained at defendant's residence conducted no initial search. The search warrant did not mention such entry as a source for probable cause, and the information used to obtain the warrant was entirely independent. The actions of the police officers in entering and securing defendant's residence while obtaining a search warrant based on independent information did not violate defendant's Fourth Amendment rights.

Affirmed.

Judges JOHNSON and WYNN concur.