STATE OF NORTH CAROLINA v. WILLIAM D. McLEAN

No. COA95-262

(Filed 21 November 1995)

**Searches and Seizures § 93 (NCI4th)— unlawful entry by police officer—taint purged by information from others— search warrant valid**

A search warrant was based upon information independent of and unrelated to an unlawful entry of defendant's apartment by a police officer so as to purge the taint and validate the search warrant where the managers of the apartment complex and an exterminator who treated defendant's apartment gave sufficient information about marijuana plants and drug paraphernalia found by them in the apartment to dissipate any taint arising from the officer's unlawful entry.

**Am Jur 2d, Searches and Seizures § 118.**

Appeal by defendant from judgment entered 8 November 1994 by Judge Dexter Brooks in Robeson County Superior Court. Heard in the Court of Appeals 24 October 1995.

*Attorney General Michael F. Easley, by Assistant Attorney General William B. Crumpler, for the State.*

*Musselwhite, Musselwhite, Musselwhite & Branch, by David F. Branch, Jr., for defendant-appellant.*

STATE v. McLEAN

[120 N.C. App. 838 (1995)]

MARTIN, MARK D., Judge.

On 8 November 1994 defendant pled guilty to one count of intentionally maintaining a drug dwelling house, in violation of N.C. Gen. Stat. § 90-108(a)(7), and one count of possession with intent to manufacture marijuana, in violation of N.C. Gen. Stat. § 90-95(a)(1). The trial court placed defendant on probation for three years. Prior to entry of his guilty plea, defendant reserved his right to appeal from the trial court's denial of his motion to suppress evidence. We affirm.

On 15 December 1993 the managers of Oakwood Apartments in Lumberton, North Carolina, contacted the Lumberton Police Department (Department) concerning the discovery of marijuana plants in apartment V-2, defendant's apartment. In response the Department dispatched Patrolman Clay Rogers to the scene. Patrolman Rogers, accompanied by Oakwood managers, entered defendant's apartment and observed marijuana plants growing inside a closet. Afterwards, Patrolman Rogers removed everyone from the apartment and called detectives in the vice-narcotics unit. When Detectives M.J. Biggs and S.J. Morton arrived, Patrolman Rogers was standing at the front door. Also present were the Oakwood managers, Brenda Andrews and Carol Kendall, and the exterminators, Scott Fountain and Hector Bermudez.

Andrews and Kendall related to Detective Biggs that Oakwood Management had given notice to tenants an exterminating company would be spraying apartments on 15 December 1993. During the extermination of defendant's apartment, Bermudez discovered a locked closet in an upstairs bedroom. Andrews and Kendall unlocked the closet to allow extermination of the area inside. After gaining entry to the locked closet, Andrews, Kendall, and Bermudez observed artificial light devices, plant food, plant tools, and approximately thirty plants in individual planters which they recognized to be marijuana. Subsequently, the Oakwood managers contacted police about discovering the marijuana plants.

After interviewing Andrews, Kendall, Bermudez, Fountain, and Patrolman Rogers, Detective Biggs presented the magistrate with an affidavit in support of his request for a search warrant. Detective Biggs referenced, as grounds for probable cause, that Andrews, Kendall, and Bermudez observed approximately thirty marijuana plants, plant food, artificial lights, and plant tools inside the locked closet. Detective Biggs also included Patrolman Rogers' corrobora-

tive observations of the marijuana plants. At the suppression hearing, Detective Biggs indicated he would have attempted to obtain a warrant based solely on his conversation with the apartment managers and the exterminators.

Having obtained the warrant, Detective Biggs conducted a search of defendant's apartment and seized marijuana plants and paraphernalia.

On 4 May 1993 defendant moved to suppress all evidence seized as a result of the search. On 5 December 1994 the trial court entered an order *nunc pro tunc* denying defendant's motion to suppress. The trial court concluded, "regardless of the unlawful entry by police officer, Clay Rogers, Detective M.J. Biggs and Detective S.J. Morton had sufficient probable cause in their probable cause affidavit exclusive of the entry by police officer [] Clay Rogers for the issuance of a search warrant and therefore the same is valid." We agree.

The sole issue presented on appeal is whether the trial court erred in denying defendant's motion to suppress evidence seized at his apartment.

This Court's "review of a denial of a motion to suppress is limited to determining whether the trial court's findings of facts are supported by competent evidence, whether the findings of fact support the conclusions of law, and whether the conclusions of law are legally correct." *State v. Trapp*, 110 N.C. App. 584, 587, 430 S.E.2d 484, 486 (1993).

Defendant first contends the trial court erred by denying his motion to suppress because police officers failed to comply with N.C. Gen. Stat. § 15A-974. Section 15A-974 requires suppression of evidence "if it is obtained as a result of a substantial violation" of the Criminal Procedure Act, Chapter 15A of the North Carolina General Statutes. *See* N.C. Gen. Stat. § 15A-974 (1988). Defendant, however, fails to present any argument concerning the alleged violation of section 15A-974, nor does he allege any other violation of Chapter 15A. Accordingly, this argument is deemed abandoned. *See* N.C.R. App. 28(b)(5).

Defendant next contends the trial court erred by denying his motion to suppress because the warrant authorizing the search was allegedly tainted by the unlawful entry and corroborative observa-

tions of Patrolman Rogers in violation of the Fourth Amendment to the United States Constitution.[1]

The threshold question is whether the affidavit contained information sufficient to establish probable cause for the issuance of a search warrant.

When considering an application for a search warrant, magistrates are required to make "a practical, common-sense decision." *Illinois v. Gates*, 462 U.S. 213, 238, 76 L. Ed. 2d. 527, 548 (1983). The standard is whether probable cause exists under the totality of the circumstances. *State v. Wallace*, 111 N.C. App. 581, 584, 433 S.E.2d 238, 240, *disc. review denied*, 335 N.C. 242, 439 S.E.2d 161 (1993). "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." *Gates*, 462 U.S. at 238-239, 76 L. Ed. 2d. at 548 *(quoting Jones v. United States*, 362 U.S. 257, 271, 4 L. Ed. 2d 697, 708 (1960)).

In the present case, the managers of Oakwood Apartments initially contacted police about marijuana located in a locked closet at defendant's apartment. The two managers and an exterminator stated defendant possessed marijuana plants and paraphernalia in his residence. They each stated the marijuana plants were located in an upstairs locked closet. We believe the totality of these circumstances provided adequate, reliable information to constitute probable cause.

We now determine whether the search warrant was based upon sufficient information independent of and unrelated to the unlawful entry so as to purge the taint and validate the search warrant.

The exclusionary rule prohibits introduction of evidence seized during an unlawful search. *Murray v. United States*, 487 U.S. 533, 536, 101 L. Ed. 2d. 472, 480 (1988). The exclusionary rule does not apply, however, if the connection between the unlawful entry and the discovery and seizure of the evidence "is so attenuated as to dissipate the taint, as where police had an independent source for discovery of the evidence." *Wallace*, 111 N.C. App. at 589, 433 S.E.2d at 243. The independent source is not sufficient to purge the taint of an earlier unlawful entry if "the agents' decision to seek the warrant was prompted by what they had seen during the initial entry, or if information obtained during that entry was presented to the Magistrate

---

1. We assume, without deciding, that the warrantless entry of defendant's apartment was unlawful. *See Chapman v. United States*, 365 U.S. 610, 616-617, 5 L. Ed. 2d 828, 833-834 (1961).

and affected his decision to issue the warrant." *Murray*, 487 U.S. at 542, 101 L. Ed. 2d at 483-484 (footnote omitted).

Application of *Murray* reveals the information obtained from Andrews, Kendall, and Bermudez was sufficient to dissipate any taint arising from the unlawful entry. First, Detective Biggs, the officer who applied for the search warrant, did not participate in the unlawful entry. In addition, the information presented by Detective Biggs to the magistrate included sufficient evidence from independent, reliable sources to constitute probable cause "independent of and unrelated to the illegal entry." *State v. Knight*, 340 N.C. 531, 548, 459 S.E.2d 481, 492 (1995) (*citing Segura v. United States*, 468 U.S. 796, 811, 82 L. Ed. 2d 599, 613 (1984)). *See State v. Waterfield*, 117 N.C. App. 295, 298, 450 S.E.2d 524, 526-527 (1994). Therefore, we do not believe Officer Biggs' decision to seek the warrant was prompted by the unlawful entry but rather based on information "independently distinguishable so as to purge the search warrant of the primary taint." *Wallace*, 111 N.C. App. at 589, 433 S.E.2d at 243.

Second, the totality of the information obtained from Andrews, Kendall, and Bermudez, which independently coalesced to support a finding of probable cause, was "wholly unconnected" with the unlawful entry. *See Id.* at 590, 433 S.E.2d at 243. Therefore, we do not believe the corroborative information obtained from the warrantless search "affected [the magistrate's] decision to issue the warrant." *Murray*, 487 U.S. at 542, 101 L. Ed. 2d at 484.

Accordingly, we conclude the warrant authorizing the search of defendant's apartment was not tainted by the unlawful entry and therefore did not violate the Fourth Amendment. The trial court did not err in denying defendant's motion to suppress.

Affirmed.

Judges GREENE and McGEE concur.