STATE OF NORTH CAROLINA v. JERRY WADE GRICE

No. COA12-577

(Filed 20 November 2012)

**1. Constitutional Law—seizure of marijuana plants from yard—plain view—knock and talk investigation**

There was plain error in a prosecution for the sale and manufacture of marijuana where the trial court admitted evidence of marijuana plants seized from defendant's yard after they were seen by officers conducting a "knock and talk" investigation. The Court of Appeals rejected the State's argument that the initiation of a valid "knock and talk" inquiry gave the officers a lawful right of access to walk across defendant's backyard in order to seize the plants.

**2. Constitutional Law seizure of marijuana plants in yard— no exigent circumstances**

The trial court erred in a prosecution for manufacturing and selling marijuana by holding that the seizure of marijuana plants in defendant's yard was valid under the "exigent circumstances" exception to the warrant requirement. No evidence was presented at trial to support the trial court's finding.

**3. Evidence—erroneous introduction of marijuana plants— plain error**

There was plain error in a prosecution for manufacturing and selling marijuana where the trial court erroneously admitted evidence of marijuana plants seized from defendant's yard during a "knock and talk" investigation by officers. The jury probably would have reached a different result without physical evidence.

Appeal by defendant from judgment entered 14 December 2011 by Judge James G. Bell in Johnston County Superior Court. Heard in the Court of Appeals 24 October 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Jay L. Osborne, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Jon H. Hunt & Assistant Appellate Defender Benjamin Dowling-Sendor, for defendant-appellant.*

HUNTER JR., Robert N., Judge.

Jerry Wade Grice, Jr. ("Defendant") appeals from a judgment sentencing him to a suspended sentence of 6–8 months imprisonment following a jury verdict convicting him of one count of manufacturing marijuana. On appeal, Defendant argues the trial court erred by denying his pre-trial motion to suppress and by admitting evidence Defendant claims was unconstitutionally seized. We agree and grant Defendant a new trial.

## I. Factual and Procedural History

On 11 July 2011, the Johnston County grand jury indicted Defendant on charges of manufacturing marijuana and maintaining a dwelling house for the keeping of a controlled substance, in violation of N.C. Gen. Stat. §§ 90-95(a)(1) and 90-108(a)(7).

On 5 May 2011 Detectives Jason Guseman and Chadwick Allen of the Johnston County Sheriff's Office went to Defendant's home in order to investigate an anonymous tip that Defendant was growing and selling marijuana. The detectives' supervisor directed them to perform a "knock and talk" investigation in response to the tip. They arrived at Defendant's residence and drove about a tenth of a mile up a driveway to Defendant's home, where they parked behind a white car in the driveway. When the detectives exited their patrol car, Detective Guseman walked up the driveway to knock on the door, while Detective Allen stayed in the driveway.

While Detective Guseman was knocking on the door, Detective Allen, standing in the driveway, looked "around the residence . . . from [his] point of view." As he looked over the hood of the white car, he observed four plastic buckets about fifteen yards away. Plants were growing in three of the buckets. Detective Allen immediately identified these plants as marijuana. He pointed out the plants to Detective Guseman, who also believed they were marijuana. Both detectives then walked to the backyard where the plants were growing beside an outbuilding.

The detectives then contacted their supervisor, who instructed them to seize the plants and return to the Sheriff's Office so that they could then apply for a search warrant. The detectives then took some photographs of the surrounding area and uprooted the plants.

The next day, after applying for and receiving a search warrant, the detectives and two other officers returned to the residence to execute the warrant. The officers "forced the door open" and handcuffed Defendant and two other individuals who were also inside the home. Defendant admitted to owning the seized plants, and upon hearing that the officers were there to search for drugs and paraphernalia, also admitted to having a small amount of marijuana in his living room. After finding this marijuana, the officers arrested Defendant.

The matter came on for trial at the 13 December 2011 criminal session of the Johnston County Superior Court. The trial court held a pre-trial suppression hearing, where Defendant moved to suppress the evidence obtained during the "knock and talk" investigation. The trial court denied Defendant's motion. Defendant did not object at trial to the introduction of the plants seized or to other evidence derived from the seizure.

On 14 December 2011, a jury convicted Defendant of manufacturing marijuana. The trial court then sentenced Defendant as a Level II offender to a suspended sentence of 6–8 months imprisonment and placed Defendant on supervised probation for 30 months. Defendant gave oral notice of appeal in open court.

## II. Jurisdiction & Standard of Review

As Defendant appeals from the final judgment of a superior court, an appeal of right lies with this Court pursuant to N.C. Gen. Stat. § 7A-27(b) (2011).

Our review of a trial court's denial of a motion to suppress is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). However, "[t]he trial court's conclusions of law . . . are fully reviewable on appeal." *State v. Hughes*, 353 N.C. 200, 208, 539 S.E.2d 625, 631 (2000).

Because Defendant failed to object to the introduction of the seized evidence at trial, we review any error on the part of the trial court for plain error. *See* N.C. R. App. P. 10(a)(4); *see also State v.*

*Goss*, 361 N.C. 610, 622, 651 S.E.2d 867, 875 (2007), *cert. denied*, 555 U.S. 835 (2008). "For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty." *State v. Lawrence*, ___ N.C. ___, ___, 723 S.E.2d 326, 334 (2012) (citations and quotation marks omitted).

## III. Analysis

[1] Defendant argues the trial court erred in denying his pre-trial suppression motion and by allowing the State to introduce evidence derived from the warrantless seizure of the marijuana plants at trial. Defendant argues that Detectives Guseman and Allen had no right to enter his property and seize the plants without first securing a warrant. Defendant contends this seizure was *per se* unreasonable under the Fourth Amendment, and as such, any evidence obtained from the illegal seizure was inadmissible at trial. The State contends that because the plants were in plain view, their seizure did not implicate Defendant's Fourth Amendment rights. We agree with Defendant.

The Fourth Amendment to the United States Constitution protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. As a general rule, searches and seizures "conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment— subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967). One such exception is the "plain view" doctrine. Under the plain view doctrine, police may seize contraband or evidence without a warrant if "(1) the officer was in a place where he had a right to be when the evidence was discovered; (2) the evidence was discovered inadvertently; and (3) it was immediately apparent to the police that the items observed were evidence of a crime or contraband." *State v. Graves*, 135 N.C. App. 216, 219, 519 S.E.2d 770, 772 (1999). This first requirement means that "[n]ot only must the officer be lawfully located in a place from which the object can be plainly seen, but he or she must also have *a lawful right of access to the object itself*." *Horton v. California*, 496 U.S. 128, 137 (1990) (emphasis added).

The State contends Detectives Guseman and Allen had a "lawful right of access" to the plants, because they were lawfully on the property under the auspices of a valid "knock and talk" investigation. We disagree.

" 'At the very *core*' of the Fourth Amendment 'stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion.' " *Kyllo v. United States*, 533 U.S. 27, 31 (2001) (quoting *Silverman v. United States*, 365 U.S. 505, 511 (1961)). "With few exceptions, the question whether a warrantless search of a home is reasonable and hence constitutional must be answered no." *Kyllo*, 533 U.S. at 31. Our courts have long recognized that this heightened expectation of privacy extends not only to the home itself, but also to the home's "curtilage." *See United States v. Dunn*, 480 U.S. 294, 300 (1987) ("The curtilage concept originated at common law to extend to the area immediately surrounding a dwelling house the same protection under the law of burglary as was afforded the house itself.") "[T]he curtilage is the area to which extends the intimate activity associated with the 'sanctity of a man's home and the privacies of life,' and therefore has been considered part of the home itself for Fourth Amendment purposes." *Oliver v. United States*, 466 U.S. 170, 180 (1984) (citation omitted). In North Carolina, "curtilage of the home will ordinarily be construed to include at least the yard around the dwelling house *as well as the area occupied by barns, cribs, and other outbuildings*." *State v. Frizzelle*, 243 N.C. 49, 51, 89 S.E.2d 725, 726 (1955) (emphasis added).

The State is correct in noting that officers may conduct "knock and talk" investigations that do not rise to the level of a Fourth Amendment search. *See State v. Wallace*, 111 N.C. App. 581, 585, 433 S.E.2d 238, 241 (1993) ("Law enforcement officers have the right to approach a person's residence to inquire whether the person is willing to answer questions."); *see also State v. Church*, 110 N.C. App. 569, 573–74, 430 S.E.2d 462, 465 (1993) ("[W]hen officers enter private property for the purpose of a general inquiry or interview, their presence is proper and lawful . . . . [O]fficers are entitled to go to a door to inquire about a matter; they are not trespassers under these circumstances.") (quotation marks and citation omitted). However, officers generally may not enter and search the curtilage of a home without first obtaining a warrant. *See State v. Rhodes*, 151 N.C. App. 208, 213–16, 565 S.E.2d 266, 269–71 (2002) (holding warrantless search of defendant's trash can unconstitutional when it was within the curtilage of his home). Moreover, this Court has expressly

rejected the notion that "law enforcement officers may enter private property whenever they are conducting 'legitimate law enforcement functions.'" *See State v. Nance*, 149 N.C. App. 734, 742, 562 S.E.2d 557, 563 (2002) (recognizing the validity of "knock and talk" inquiries, but holding that the line of cases authorizing them do not "stand[] for the proposition that law enforcement officers may enter private property without a warrant and seize evidence of a crime")

In this case, we decline to adopt the State's argument that the initiation of a valid "knock and talk" inquiry gave Detectives Guseman and Allen a lawful right of access to walk across Defendant's backyard in order to seize the plants. If we were to adopt such an approach, it would be difficult to articulate a limiting principle such that "knock and talk" investigations would not become a pretense to seize any property within the home's curtilage, so long as that property otherwise satisfied the remaining prerequisites for seizure under the plain view doctrine. As this Court has observed, "[t]he implication that police officers have the right to seize any item which comes into their plain view at a place they have a right to be is fraught with danger and would sanction the very intrusions into the lives of private citizens against which the Fourth Amendment was intended to protect." *State v. Bembery*, 33 N.C. App. 31, 33, 234 S.E.2d 33, 35, *disc. review denied*, 293 N.C. 160, 236 S.E.2d 704 (1977). Accordingly, we hold the trial court erred in its conclusion that no Fourth Amendment violation resulted from the seizure in light of the fact "Detective Allen visually observed what he believed to be marijuana plants in plain view."

[2] In the alternative, the State argues that since the trial court found the detectives' seizure of the plants "was to prevent their destruction," that the seizure was valid under the "exigent circumstances" exception to the warrant requirement. We disagree, because no evidence was presented at trial to support the trial court's finding to that effect.

Our Supreme Court has held that "[i]f the circumstances of a particular case render impracticable a delay to obtain a warrant, a warrantless search on probable cause is permissible." *State v. Allison*, 298 N.C. 135, 141, 257 S.E.2d 417, 421 (1979). One such exigent circumstance is the "probable destruction or disappearance of a controlled substance." *State v. Nowell*, 144 N.C. App. 636, 643, 55 S.E.2d 807, 812 (2001); *Wallace*, 111 N.C. App. at 586, 433 S.E.2d at 241-42 (noting that an "officer's reasonably objective belief that the contra-

band is about to be removed or destroyed" is a factor in determining whether, with probable cause, a warrantless seizure is justified).

On appeal this Court is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal." *Cooke*, 306 N.C. at 134, 291 S.E.2d at 619. Upon review of the record, we cannot ascertain the basis for the trial court's finding that the plants were seized "to prevent their destruction."

Detective Guseman testified that he knocked on Defendant's door "numerous times" and no one answered. He further testified:

Q. [H]ad you determined that there was anyone at the house?

A. No one would come to the door if there was anyone at the house.

Q. Had you determined that there was anyone who had detected your presence at the house?

A. No.

. . . .

Q. Was there anything that prevented you from securing the area and then getting a search warrant?

A. No. I had done exactly what Captain Fish instructed me to do and that was to seize the plants, come back to the Sheriff's office and apply for a search warrant for the residence.

Detective Guseman further testified that he had no knowledge of any illicit transactions occurring on the property within the prior three days. A review of the record produces no evidence contrary to Detective Guseman's testimony.

The State contends that evidence was presented which could support the trial court's finding, arguing that:

[t]he record contains several facts supporting the trial court's conclusion. First, the record indicates that there was a white vehicle parked in the driveway of the house, and that no one came to the door after the officers knocked repeatedly. Suspects sometimes do not come to the door when law enforcement knocks, as is readily apparent from defendant's choice to not answer the door when served the search warrant the next day. From this evidence, the trial court could reasonably conclude

that defendant or someone else may have been in the house waiting for the officers to leave in order to destroy the marijuana plants. Additionally, because three marijuana plants is a relatively small quantity, the court may have concluded they were more readily destructible.

Although the record does reveal that there was in fact a white car in the driveway, and that there were only three plants, nothing in the record suggests that this provided the impetus for the seizure. Accordingly, the trial court's finding "[t]hat this seizure was to prevent [the plants] destruction" is not supported by competent evidence in the record. Absent a finding supported by evidence that the detectives had a "reasonably objective belief that the contraband [was] about to be removed or destroyed," *Wallace*, 11 N.C. App. at 586, 433 S.E.2d at 241–42, "exigent circumstances" cannot be a justification for this warrantless seizure.[1]

Therefore, we hold the trial court erred in concluding that Defendant "did not have an expectation of privacy in this instance and [that] there [was] no Fourth Amendment violation" and that "the evidence obtained was properly seized."

We must then turn to the issue of whether the erroneous admission of this evidence by the trial court rises to the level of plain error such that it "had a probable impact on the jury's finding that the defendant was guilty." *Lawrence*, ___ N.C. at ___, 723 S.E.2d at 334 (citation and quotation marks omitted). We conclude the trial court's failure to grant Defendant's motion to suppress does rise to the level of plain error in this case. Had the trial court granted Defendant's motion, the State would have been barred from introducing not only the plants themselves, but also the close-up photographs of the plants, the expert testimony identifying the plants as marijuana, and Defendant's statements regarding the plants. *See State v. Jackson*, 199 N.C. App. 236, 244, 681 S.E.2d 492, 497 (2009) ("Evidence that is discovered as a direct result of an illegal search or seizure is generally excluded at trial as fruit of the poisonous tree unless it would have been discovered regardless of the unconstitutional search.") (citing *Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963)). Thus, the only evidence the State could have presented was Detectives

---

1. We note that although the trial court made a finding of fact that the seizure was performed to prevent the plants' destruction, the court made no conclusion of law explicitly mentioning "exigent circumstances" as justification for the seizure. To contrast, the court did conclude that "plain view . . . is an exception to the warrant requirement" such that "[t]he evidence obtained was properly seized."

Guseman and Allen's testimony regarding their identification of the plants as marijuana, with no physical evidence to support those determinations. We conclude the jury probably would have reached a different result had this been the case.

## IV. Conclusion

For the foregoing reasons we vacate Defendant's conviction, reverse the trial court's denial of his motion to suppress, and remand for a

NEW TRIAL.

Judges HUNTER, R.C. and CALABRIA concur.